## (October 12, 1977)

■ BETTY O. MUKA, Petitioner v TOMPKINS COUNTY COURT STENOGRAPHER VERONICA MAHER et al., Respondents.—Proceeding pursuant to CPLR article 78, commenced in this court, to compel respondent Maher to provide

a copy of the transcript of the trial which resulted in petitioner's conviction of the crime of unlawful imprisonment in the second degree; to prohibit respondent Dean from interfering with the preparation of the transcript and from proceeding in the criminal matter until the transcript has been furnished; to compel respondent Dean to furnish a copy of the presentence report to petitioner; and to prohibit respondent Dean from directing a psychiatric examination of petitioner by respondent Nagy. Pursuant to CPLR 7804 (subd [e]), which governs defaults in article 78 proceedings, we previously denied petitioner's motion for default judgment and directed respondent Dean to answer or otherwise move against the petition. Petitioner now moves for an order holding respondent Dean and his attorney in civil contempt and respondent Dean has moved, within the time allowed, to dismiss the petition. Petitioner's motion must be denied for failure of compliance with section 757 of the Judiciary Law. In any event, this is not a case in which civil contempt is appropriate (Judiciary Law, § 753, subd A). With respect to respondent Dean's motion to dismiss, we note that that portion of the petition seeking to prohibit a psychiatric examination is moot since the examination has been conducted. Similarly, with respect to the presentence report, respondent admits that petitioner has a right to examine the report, with the exception of portions which may be excluded for certain reasons, in the court's discretion (CPL 390.50, subd 2; see, also, *People v Perry,* 36 NY2d 114). Petitioner seeks a copy of the trial transcript for the purpose of a motion to set aside the verdict, to be made prior to sentencing. There is no requirement, however, that a transcript be furnished at this stage of the proceeding until petitioner has paid the fees allowed by law (Judiciary Law, § 302, subd 1). Petitioner, therefore, has failed to establish that she is entitled to the relief requested. In any event, it is apparent that petitioner has an adequate remedy for most of the determinations complained of herein, which were made in a criminal matter, in the form of an appeal from the judgment of conviction, and thus, an article 78 proceeding does not lie (CPLR 7801). Motion by petitioner seeking to hold respondent Dean and his attorney in civil contempt denied, without costs. Motion by respondent Dean to dismiss the petition granted, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.