■ MARIA ROBINSON, Respondent, v ALBANY HOUSING AUTHORITY, Appellant, et al., Defendant. [734 NYS2d 360] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 5, 2001 in Albany County, which denied a motion by defendant Albany Housing Authority for summary judgment dismissing the complaint against it.

Plaintiff resides in a housing development owned and maintained by defendant Albany Housing Authority (hereinafter defendant). The development consists of a series of apartment buildings on a hillside with horizontal walkways connecting to a central walkway upon which residents can descend to the street below.

On the evening of December 11, 1997, plaintiff exited her apartment and descended a hill on the east side of the building on a "path" covered with a light dusting of snow, rather than using the central walkway. As she proceeded, she tripped on rocky debris.* She denied seeing the rocks until after she fell, but admitted that they were clearly visible. Due to her injuries, she commenced this personal injury action against defendant and the City of Albany. Defendant moved for summary judgment, which was denied by Supreme Court. This appeal ensued.

We affirm. As the proponent of the motion, it was incumbent upon defendant to demonstrate that it maintained its property in a reasonably safe condition and neither created the condition by its own affirmative act nor had actual or constructive knowledge of its existence (*see, Montuori v Town of Colonie,*

---

* The "debris" was described as "pieces of sidewalk" that appeared to have been deposited after renovation to the nearby walkway.

277 AD2d 643, 644; *Kivlan v Dake Bros.*, 255 AD2d 782, 783). Here, defendant asserted that because the area is part of the natural terrain of the property, posing open and obvious dangers, it had no duty to warn of its dangerous condition or bar access thereto (*see, Dart v Solomon*, 210 AD2d 581, 583; *Palmer v Prescott*, 208 AD2d 1065, 1067, *lv denied* 85 NY2d 804; *Tarricone v State of New York*, 175 AD2d 308, 309-310, *lv denied* 78 NY2d 862; *see also, Scurti v City of New York*, 40 NY2d 433).

In an attempt to demonstrate that the subject area was a natural geographical phenomena presenting open and obvious dangers, defendant's proffer included the affidavit of Barry Romano, defendant's Deputy Director. Romano described the "path" as an unimproved water drainage area which was neither utilized nor intended to be utilized as a pedestrian walkway. He further contended that he was not aware that tenants of the housing development used this drainage area as a shortcut to the street below since other properly maintained walkways were available. With the burden shifted to plaintiff to submit sufficient evidence to raise a triable issue of fact (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 630), plaintiff submitted photographs of this "path" which indicate that it connects to a horizontal walkway and appears to be paved with the same or similar material. Plaintiff's affidavit, amplified by her deposition testimony included in defendant's proffer, further described its dangerous condition.

Viewing this evidence in the light most favorable to plaintiff (*see, Dykstra v Windridge Condominium One*, 175 AD2d 482, 483), we agree that a triable issue of fact was raised upon which a jury could reasonably conclude that the "path" was a regularly used walkway within the control of defendant such that it was obligated to maintain the area in a reasonably safe condition. With a further issue raised concerning whether defendant could be found to have had actual or constructive notice of its dangerous condition, the resolution of this matter was properly left for trial (*see, Ferrante v American Lung Assn., supra*, at 630). Wholly rejecting the applicability of the doctrine of primary assumption of risk to bar plaintiff's claim (*see, Stirpe v Maloney & Sons*, 252 AD2d 871, 872; *Comeau v Wray*, 241 AD2d 602, 604), we affirm.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.