■ WILLIE M. ASH, Respondent, v COLIN R. FERN et al., Defendants, and STEVE'S DOUBLE V, INC., Appellant. [744 NYS2d 559] —Mercure, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered July 23, 2001 in Warren County, which denied a motion by defendant Steve's Double V, Inc. for summary judgment dismissing the complaint against it.

This personal injury action arises out of an incident that occurred at a restaurant owned by defendant Steve's Double V, Inc. (hereinafter defendant) in the City of Glens Falls, Warren County, in the early morning hours of April 18, 1998. Plaintiff, a patron of the restaurant, was struck in the face with a glass sugar cannister thrown by defendant Colin G. Fern during a melee that erupted between Fern and defendant Christopher Warner and their respective groups of friends. Plaintiff, who suffered injuries to her face and eye, commenced this action in April 1999, alleging, inter alia, that defendant was negligent

for failing to take precautions to protect its patrons. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendant appeals.

It is well settled that "[l]andowners in general have a duty to act in a reasonable manner to prevent harm to those on their property" (*D'Amico v Christie*, 71 NY2d 76, 85). Specifically, "they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*id.* at 85). Therefore, while the owner of a public establishment has a duty to act reasonably to control third persons "so as to prevent harm to its patrons" (*Marianne OO. v C & M Tavern*, 180 AD2d 998, 999), he or she has no duty "to protect patrons against unforeseeable and unexpected assaults" (*Woolard v New Mohegan Diner*, 258 AD2d 578, 579).

Upon review of the record, we agree with Supreme Court that plaintiff's submissions raise factual questions as to whether defendant's employees had reasonable cause to anticipate the violent conduct of the intoxicated and unruly patrons "so as to constitute a breach of their common-law duty to control the conduct of persons on the premises" (*Heavlin v Gush*, 197 AD2d 773, 774). Defendant contends that its employees had no notice of any danger to plaintiff, as the physical altercation between the other patrons was sudden and unexpected. However, plaintiff and Warner stated in their depositions that the confrontation between the two groups of patrons, which included yelling, cursing and vulgarity, had escalated over a period of 10 to 15 minutes despite repeated warnings, and that defendant's employees took no further action to control this behavior until it erupted into a full-scale brawl and the police were called. Given the dispute over the length and intensity of the altercation before plaintiff sustained her injury, and viewing the evidence in the light most favorable to plaintiff (*see, Robinson v Albany Hous. Auth.*, 289 AD2d 828, 829), we conclude that defendant's motion for summary judgment was properly denied.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.