■ CHRISTOPHER W. STAFFORD, Appellant, v 6 CRANNEL STREET, INC., Doing Business as THE CHANCE, et al., Respondents. [759 NYS2d 231] —Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered April 1, 2002 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action after being assaulted by unidentified individuals while at defendants' night club in the City of Poughkeepsie, Dutchess County. On November 25, 1998, plaintiff and some friends arrived at defendants' club around 8:00 P.M. and, over the next several hours, they listened to the bands, danced and imbibed various beverages. The club had a near capacity crowd that exceeded 500 people. Plaintiff characterized the bands as playing "hardcore" rock and related that the style of dancing by patrons

included "moshing." Around 11:00 P.M., plaintiff was walking on the crowded dance floor when he was allegedly pushed down, punched and kicked by unknown assailants. His injuries included a fractured right leg. He subsequently brought this action against defendants and, following discovery, defendants moved for summary judgment. Supreme Court granted defendants' motion and this appeal ensued.

We recently set forth, in *Ash v Fern* (295 AD2d 869, 870 [2002]), the pertinent standard regarding the duty of owners of public establishments to control the conduct of others, as follows: "It is well settled that '[l]andowners in general have a duty to act in a reasonable manner to prevent harm to those on their property' (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). Specifically, 'they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control' (*id.* at 85). Therefore, while the owner of a public establishment has a duty to act reasonably to control third persons 'so as to prevent harm to its patrons' (*Marianne OO. v C & M Tavern*, 180 AD2d 998, 999 [1992]), he or she has no duty 'to protect patrons against unforeseeable and unexpected assaults' (*Woolard v New Mohegan Diner*, 258 AD2d 578, 579 [1999])."

Plaintiff argues that, because patrons were "moshing" on the dance floor, physical confrontations between patrons were foreseeable. The record reflects that moshing involved jumping and repeated physical contact among participants and, indeed, defendants' security chief characterized it as "controlled mayhem." Plaintiff's proof, however, does not establish that he was injured as a result of the type of dance or a confrontation arising from the dance. Indeed, plaintiff testified at his deposition about a sudden, unprovoked attack that was not preceded by any confrontation. Although moshing clearly involved physical contact among participants, there was no evidence suggesting that moshing involved the type of assaultive behavior perpetrated upon plaintiff. No fights or similarly assaultive incidents had occurred at the club that evening. Unlike *Ash v Fern* (*supra*), where an escalating and protracted confrontation preceded the melee, the altercation involving plaintiff was not accompanied by actions from which defendants could have reasonably anticipated or prevented the ensuing sudden conduct (*see Cavanaugh v Knights of Columbus Council 4360*, 142 AD2d 202, 204-205 [1988], *lv denied* 74 NY2d 604 [1989]; *see also Cutrone v Monarch Holding Corp.*, 299 AD2d 388 [2002]; *Scotti v W.M. Amusements*, 226 AD2d 522 [1996], *lv denied* 89 NY2d 808 [1997]).

Plaintiff's further argument that the presence of more security guards, in addition to the eight who were present, would have prevented the altercation or resulted in his quick removal from the dance floor after the assault commenced is, on this record, speculative.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.