■ In the Matter of WILLIAMSVILLE CLARE BRIDGE OPERATOR, INC., Respondent, v ANTONIA C. NOVELLO, as Commissioner of Health, et al., Appellants. [775 NYS2d 382]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Canfield, J.), entered January 24, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to, inter alia, process petitioner's retention standards waiver program applications.

Petitioner operates an adult home managed by Alterra Healthcare Corporation. By petition verified September 6, 2002, petitioner alleged that in 1998, it made a formal application to respondent Department of Health (hereinafter DOH) for acceptance into its retention standards waiver program[1] (hereinafter RSWP; see 18 NYCRR 487.3 [g] [1]; Adult Care Facility Directive No. 6-91 [Dec. 31, 1991]) and never received a determination. In support of its allegation that a completed application was submitted—a contention disputed by DOH—petitioner proffered its letter to DOH requesting an application, along with affidavits from Jane Kirby, Alterra's regional director, which averred that a completed application was mailed on petitioner's behalf in November 1998. Kirby further averred that she hand-delivered an unsigned copy of such application to DOH in late 2000; two e-mails from DOH directly addressing the outstanding RSWP issue were also included. According to petitioner, it submitted a second RSWP application in April 2002 specifically seeking to retain one particular resident. In May 2002, DOH cited petitioner for retaining that resident without a waiver. Upon protest, DOH advised petitioner that it could not act on its proposal for inclusion into the waiver program "given the current enforcement status of [its] facility."

This CPLR article 78 proceeding was thereafter commenced to annul DOH's determination to suspend action on its RSWP applications and require it to process said pending applications without delay. Supreme Court reversed DOH's determination of its refusal to act and ordered DOH to determine the remaining application[2] and all future resident-specific RSWP applications within 30 days of filing.

Respondents appeal, contending that the challenge to DOH's purported refusal to decide both the resident specific and

---

1. This program allows an adult home operator, like petitioner, "to retain a specified number of residents with some additional care needs" who would otherwise be considered inappropriate for continued retention (Adult Care Facility Directive No. 6-91, at 2 [Dec. 31, 1991]).

2. The specific resident who was the subject of the second RSWP application moved from the facility by the time this proceeding was commenced.

facility-wide RSWP applications should be dismissed on mootness grounds since the resident had moved from that facility and DOH had rendered a determination on the facility-wide application while the appeal was pending. It further contends that Supreme Court abused its discretion by granting mandamus to compel DOH to decide all future resident-specific RSWP applications within 30 days of their filing.

Addressing the mootness argument first, we find Supreme Court to have correctly determined that the issue pertaining to the specific resident fell within the exception to the mootness doctrine due to the emergent nature of the application (*see Matter of Rodriguez v Wing*, 94 NY2d 192, 196 [1999]; *Mental Hygiene Legal Servs. v Ford*, 92 NY2d 500, 505 [1998]), the likelihood of its repetition[3] and the likelihood of the issue evading review if DOH regularly refused to make a timely determination, thereby forcing a patient's relocation (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

As to that part of the appeal pertaining to the facility-wide application, we choose, in the exercise of our discretion, to review Supreme Court's determination in an effort to "avoid unnecessary confusion" (*Matter of Lichtel v Travis*, 287 AD2d 837, 839 [2001]). To the extent that DOH based its *refusal to act* solely on petitioner's compliance history or a violation that was the subject of its *pending* application, we agree with Supreme Court that such determination would be arbitrary and capricious (*see Matter of County of Monroe v Kaladjian*, 83 NY2d 185, 189 [1994]). We would not, however, find it irrational for DOH *to deny an application, after its review,* based upon outstanding compliance issues either at the subject facility or at a related facility if the issue was properly considered and the determination amply supported.

Addressing petitioner's recourse to the extraordinary remedy of mandamus to compel DOH to render a determination on resident-specific RSWP applications, we find that the remedy was properly invoked (*see generally Klostermann v Cuomo*, 61 NY2d 525, 538-540 [1984]; *Matter of Utica Cheese v Barber*, 49 NY2d 1028, 1030 [1980]). DOH does not dispute that such applications should be decided in a timely manner, but contends that Supreme Court erred when it directed that all future resident-specific applications be decided within 30 days of filing. We agree. There exists no basis to support Supreme Court's further determination that future applications for resident-specific RSWP applications be decided within 30 days of submission

---

**3.** DOH noted that such application would be appropriate when a "longtime resident [is] near death."

since neither the regulation (*see* 18 NYCRR 487.3 [g]) nor the RSWP directive so requires (*see Matter of Jay Alexander Manor v Novello*, 285 AD2d 951, 953 [2001], *lv denied* 97 NY2d 610 [2002]; *see also Matter of Wolf v Novello*, 297 AD2d 746, 747 [2002]).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondents to determine all of petitioner's future resident-specific retention standards waiver program applications within 30 days of filing and, as so modified, affirmed.