In the Matter of RONALD J. BRIGGS, as District Attorney of Essex County, Petitioner, v ANDREW HALLORAN, as Essex County Judge, Respondent. [785 NYS2d 578]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent from enforcing that part of an order which, inter alia, directed petitioner to disclose certain discovery material by a certain date.

In connection with a criminal action in which petitioner was directed to disclose *Rosario* material "three days prior to any hearings and three days prior to . . . trial . . . , exclusive of Saturdays, Sundays, and Holidays," this CPLR article 78 proceeding was commenced to prohibit respondent from enforcing that part of his order. This Court granted petitioner's motion for a stay pending a determination in this proceeding.

Although pretrial discovery is complete, the order for early disclosure stayed and the fact-finding stage completed,* petitioner seeks review of this matter as an exception to the mootness doctrine (*see Wisholek v Douglas,* 97 NY2d 740, 742 [2002]). Accepting petitioner's assertion that the order for early disclosure is now boilerplate language in respondent's orders, and mindful that such orders are not directly appealable (*see* CPL 450.20), yet have the potential to substantially impact criminal trials, we find review appropriate because "the controversy or issue involved is likely to be repeated, typically evades review, and raises substantial and novel questions" (*Wisholek v Douglas, supra* at 742; *see Matter of Williamsville Clare Bridge Operator v Novello,* 6 AD3d 861, 863 [2004];

* Petitioner has advised this Court that the defendant in the criminal action entered a plea.

*Kingston Area Sanitation Serv. v City of Kingston,* 270 AD2d 541, 542 [2000]).

We also find petitioner's use of the writ of prohibition to be proper because it challenges "a court . . . act[ing] or threaten-[ing] to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]; *see Matter of Haggerty v Himelein,* 89 NY2d 431, 435 [1997]; *Matter of Broome County Dist. Attorney's Off. v Meagher,* 8 AD3d 732, 733 [2004]; *Matter of Cloke v Pulver,* 243 AD2d 185, 188 [1998]). In so determining, we have considered "the gravity of the harm [which could be] caused by the act sought to be performed by the official; whether the harm [could] be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity; and whether prohibition would furnish 'a more complete and efficacious remedy . . . even though other methods of redress are technically available' " (*Matter of Rush v Mordue, supra* at 354, quoting *Matter of Dondi v Jones,* 40 NY2d 8, 14 [1976]; *see Matter of Sacket v Bartlett,* 241 AD2d 97, 101-102 [1998], *lv denied* 92 NY2d 806 [1998]). There is no constitutional or common-law right to discovery in a criminal case (*see Matter of Miller v Schwartz,* 72 NY2d 869, 870 [1988]; *People v Chiera,* 255 AD2d 685, 686 n [1998]). " '[T]he law of discovery is basically a creature of legislative policy' " (*Matter of Sacket v Bartlett, supra* at 101, quoting Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, at 216) which was intended to be strictly construed (*see People v Colavito,* 87 NY2d 423, 427 [1996]). Thus, the writ of prohibition was properly utilized.

At pretrial hearings, pursuant to CPL 240.44, *Rosario* material must be disclosed by the People, upon request, "at the conclusion of the direct examination of each of its witnesses." At trial, *Rosario* material must be disclosed by the People "[a]fter the jury has been sworn and before the prosecutor's opening address" (CPL 240.45 [1]). Although a trial court is given limited discretion to regulate discovery pursuant to CPL 240.50 (1), this discretion does not authorize an order expediting the time frame for production unless the People opt for voluntary early disclosure (*see People v Colavito, supra* at 427). No such voluntary disclosure agreement existed here. Thus, respondent performed an ultra vires judicial function, warranting our discretionary determination that the issuance of a writ of prohibition is proper (*see Matter of Brown v Blumenfeld,* 296 AD2d 405, 405-406 [2002]; *Matter of Mollen v Mathews,* 269 AD2d 42, 46-47 [2000]; *Matter of Catterson v Rohl,* 202 AD2d 420, 423-424 [1994], *lv denied* 83 NY2d 755 [1994]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the petition is granted, without costs, and respondent is prohibited from enforcing the April 1, 2004 order insofar as it is challenged.