◼ PAMELA M. SOROKEY, Appellant, v ALBANY COUNTY DEMOCRATIC COMMITTEE, Respondent. [793 NYS2d 197]—

Lahtinen, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 29, 2004 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff attended a picnic sponsored by defendant and made her way into a crowded area near where a candidate for the United States Senate was expected to appear. According to plaintiff, a woman next to her—later identified as Danielle Steward—stated that there was not room for her where she was standing and that Steward was going to punch plaintiff in the face. After a cursory verbal exchange between the two, Steward allegedly bumped plaintiff and then struck her in the jaw. Plaintiff responded by hitting Steward and a brief physical struggle ensued during which both individuals fell to the ground before being separated by others in the crowd. Plaintiff subsequently commenced this negligence action against defendant. Following disclosure, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion. Plaintiff appeals.

We affirm. Defendant tendered sufficient proof, meeting its initial burden in this procedural context, that it was not liable because plaintiff's alleged injuries flowed from a sudden and

unforeseeable act by another (*see Maheshwari v City of New York*, 2 NY3d 288, 294-295 [2004]; *Stevens v Spec, Inc.*, 224 AD2d 811, 812 [1996]). Indeed, in her deposition upon oral questions, plaintiff acknowledged that "everything happened so quickly." Defendant submitted an affidavit from a witness who stated that security guards were present, but events unfolded so rapidly that the guards "would have had to be standing directly behind each person to have avoided this sudden altercation." While plaintiff submitted evidence in support of her contention that there was a delay of 15 to 30 minutes before police arrived, there is no showing that plaintiff sustained further injuries during this time. Moreover, in light of the nature of the event and with no evidence of prior similar incidents, defendant was not required to anticipate and provide protection against attendees fighting each other. Upon review of this record, we agree with Supreme Court that there are no triable issues regarding a viable theory of liability.

Mercure, J.P., Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.