■ JAMES P. CURCIO, Appellant-Respondent, v WATERVLIET CITY SCHOOL DISTRICT, Respondent-Appellant, et al., Defendants. [800 NYS2d 466]—

Mercure, J.P. Appeals (1) from an order of the Supreme Court (Benza, J.), entered May 5, 2004 in Albany County, which granted the motion of defendant Watervliet City School District for summary judgment dismissing the complaint against it, and (2) from an order of said court (McNamara, J.), entered August 20, 2004 in Albany County, which denied said defendant's motion to direct the enforcement of a purported stipulation.

These appeals involve an action in which plaintiff seeks to recover damages for personal injuries sustained while working as a referee at a basketball tournament that took place at Watervliet High School in the City of Watervliet, Albany County, which is owned by defendant Watervliet City School District (hereinafter defendant). The tournament was organized and conducted by Arsenal City, a not-for-profit entity that sponsors an Amateur Athletic Union basketball program for student athletes. Plaintiff asserts that he was punched in the eye by defendant Michael Acevedo, a Watervliet High School student who participated in the tournament despite an alleged history of vio-

lent outbursts. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it, which motion Supreme Court (Benza, J.) granted.

Thereafter, but prior to the expiration of the time limit for taking an appeal, the parties held a conference with Supreme Court to address an order to show cause brought on by plaintiff seeking production of, among other things, Acevedo's school records from defendant. In response to defendant's concern that it was still potentially a party to the action, plaintiff's counsel stated in open court that no appeal would be taken from the order dismissing the complaint. Nevertheless, plaintiff, acting pro se, appealed from that order. Defendant then moved for an order enforcing the purported stipulation by plaintiff to forego an appeal. Supreme Court (McNamara, J.) denied defendant's motion, concluding that the statement by plaintiff's counsel did not constitute a stipulation. Defendant now appeals from the order denying its motion, requesting that this Court enforce the stipulation and dismiss plaintiff's appeal from the order dismissing the complaint.

Initially, we agree with plaintiff that his counsel's statement that no appeal was contemplated did not constitute "[a]n agreement between parties or their attorneys relating to any matter in [the] action" (CPLR 2104). While defendant is correct that stipulations made in open court will not be lightly cast aside (*see e.g. Hallock v State of New York*, 64 NY2d 224, 230 [1984]), it cannot be said here that counsel's statement constituted a final, complete agreement with definite terms or that it was the product of mutual accord regarding the proper resolution of the parties' dispute over production of the records (*see Matter of Hicks v Schoetz*, 261 AD2d 944, 944-945 [1999]; *Kalomiris v County of Nassau*, 121 AD2d 367, 368 [1986]; *see also Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]). Indeed, we note that defendant's response to the statement that plaintiff did not intend to appeal was that it "[d]oesn't change the school's position." Accordingly, we perceive no error in the denial of defendant's motion to direct enforcement of the purported stipulation and decline to dismiss plaintiff's appeal.

Turning to the merits, we conclude that the complaint was properly dismissed. Plaintiff conceded before Supreme Court that defendant had no responsibility for organizing the tournament or Acevedo's participation, that Acevedo did not play in the tournament in his capacity as a student of defendant, and that, although defendant's employees were involved in the tournament, they organized the tournament on behalf of Arsenal City and not in their roles as defendant's employees. Defen-

dant had no duty to supervise Acevedo under these circumstances (cf. *Schrader v Board of Educ. of Taconic Hills Cent. School Dist.*, 249 AD2d 741, 742 [1998], *lv denied* 92 NY2d 806 [1998]). Moreover, even assuming that defendant undertook the provision of security against physical attack, public entities such as defendant are immune from tort claims arising out of the performance of governmental functions absent the showing of a special relationship between the injured party and the public entity (*see Goga v Binghamton City School Dist.*, 302 AD2d 650, 651 [2003]; *Perry v Board of Educ., Gouverneur Cent. School Dist.*, 189 AD2d 939, 940 [1993]) and plaintiff has failed to make any such showing here.

Plaintiff's remaining arguments have been considered and found to be either unpreserved or otherwise lacking in merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.