■ James P. Curcio, Appellant, v East Coast Hoops, Inc., et al., Defendants, and Kyle O'Brien et al., Respondents. [805 NYS2d 489]—

Mercure, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered June 17, 2004 in Albany County, which granted a motion by defendants Kyle O'Brien and George Mardigan for summary judgment dismissing the complaint against them.

As more fully set forth in our prior decision in this action (21 AD3d 666 [2005], *lv denied* 5 NY3d 715 [2005]), plaintiff was injured while acting as a referee at a basketball tournament when defendant Michael Acevedo, a student participating in the tournament, punched him in the eye. In our prior decision, we dismissed the complaint against defendant Watervliet City

School District, the owner of the premises where the tournament took place (*id.*). This appeal involves the dismissal of the complaint against defendants Kyle O'Brien and George Mardigan (hereinafter collectively referred to as defendants), who allegedly organized the tournament through a nonprofit entity that sponsors student basketball tournaments. Plaintiff claimed that defendants negligently failed to provide security at the tournament and permitted Acevedo to participate despite an alleged history of violent outbursts.

We affirm. Even assuming that defendants had an obligation to protect plaintiff from criminal assaults by providing security at the tournament, plaintiff failed to raise a triable issue of fact regarding whether his injuries arose from anything other than a spontaneous and unexpected attack that was not "foreseeable or preventable in the normal course of events" (*Colarossi v University of Rochester*, 2 NY3d 773, 774 [2004]; *see Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]; *Sorokey v Albany County Democratic Comm.*, 16 AD3d 856, 856-857 [2005]; *Stafford v 6 Crannel St.*, 304 AD2d 997, 998-999 [2003]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]). In his deposition testimony, plaintiff admitted that the incident occurred "in the blink of an eye," with only three seconds elapsing between the time that plaintiff ejected Acevedo from the game and the incident. Plaintiff conceded that he ejected Acevedo from the game as a result of Acevedo's failure to listen to another referee, rather than combative behavior on Acevedo's part. He described the attack as a "[t]otal surprise," and stated that he did not even have the opportunity to raise his hands. Given the spontaneous and unpredictable nature of the incident, plaintiff's assertions that security could have prevented the attack and that the visible presence of security would have quelled the situation are speculative. Moreover, with respect to defendants permitting Acevedo to participate in the tournament, there was no evidence that defendants had any knowledge of Acevedo's violent propensities (*see generally Michele M. v Board of Educ. of City of N.Y.*, 3 AD3d 370, 371-372 [2004]; *Schrader v Board of Educ. of Taconic Hills Cent. School Dist.*, 249 AD2d 741, 743 [1998], *lv denied* 92 NY2d 806 [1998]; *Hanley v Hornbeck*, 127 AD2d 905, 907 [1987]). Accordingly, Supreme Court properly dismissed the complaint against defendants.

Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.