■ Jack Boyea et al., Respondents, v Wesley James Aubin et al., Appellants, et al., Defendant. [883 NYS2d 808]—

Peters, J.P. Appeal from an order of the Supreme Court (Main Jr., J.), entered October 9, 2008 in Essex County, which denied a motion by defendants Wesley James Aubin and West End Properties, LLC for summary judgment dismissing the complaint against them.

Plaintiff Joan Boyea (hereinafter plaintiff), a patron at a Ponderosa restaurant owned and operated by defendant West End Properties, LLC in the City of Plattsburgh, Clinton County, was struck in the back of the head during a melee that erupted between the restaurant's general manager, defendant Wesley James Aubin, and a disgruntled customer. Plaintiff and her husband, derivatively, thereafter commenced this action against, among others, West End Properties and Aubin (hereinafter collectively referred to as defendants) alleging that they were negligent in allowing the altercation to occur and failing to take precautions to protect the restaurant's patrons from harm. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion, prompting this appeal.

It is by now well settled that landowners have a duty to act in a reasonable manner so as to prevent harm to those on their property (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Stafford v 6 Crannel St.*, 304 AD2d 997, 998 [2003]). "Specifically, 'they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control' " (*Ash v Fern*, 295 AD2d 869, 870 [2002], quoting *D'Amico v Christie*, 71 NY2d at 85; *see Stevens v Spec, Inc.*, 224 AD2d 811, 812 [1996]). There is no legal duty, however, to protect against a sudden and unforeseeable occurrence (*see Sorokey v Albany County Democratic Comm.*, 16 AD3d 856, 856-857 [2005]; *Ash v Fern*, 295 AD2d at 870; *Stevens v Spec, Inc.*, 224 AD2d at 812).

Defendants contend that they could not have anticipated any danger to plaintiff because the altercation between the customer and Aubin was sudden and unexpected. However, such altercation was preceded by a lengthy argument between the customer's female companion and restaurant staff regarding the service she was receiving. This verbal dispute, which involved yelling and cursing, allegedly escalated over a period of approximately 15 minutes and erupted into a physical "brawl" between Aubin and the customer after Aubin pointed his finger in the female companion's face and told her she was "not getting

[her] damn money back." Plaintiff's husband recalled that, as the scuffle came closer to their booth, Aubin continued to throw punches despite the fact that the customer had already been subdued by staff members. Notably, there was also testimony that Aubin revealed after the incident that he was familiar with the customer and that this individual had conducted himself in an unruly and disorderly manner on prior visits to the restaurant. Viewing the evidence in a light most favorable to plaintiffs (*see Rossal-Daub v Walter*, 58 AD3d 992, 996 [2009]; *Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]), and with our focus being issue finding rather than issue determination (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]), we agree with Supreme Court's conclusion that plaintiffs raised triable issues of fact as to whether defendants could have anticipated or prevented the incident and the reasonableness of Aubin's conduct (*see Ash v Fern*, 295 AD2d at 870; *Cittadino v DeGironimo*, 198 AD2d 801, 802 [1993]; *Heavlin v Gush*, 197 AD2d 773, 774 [1993]).

Rose, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.