◼ In the Matter of JAMES R. FARRELL, as District Attorney of Sullivan County, Petitioner, v FRANK J. LaBUDA, as Judge of

the County Court of Sullivan County, et al., Respondents, et al., Respondent. [943 NYS2d 237]—

Mercure, A.P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent County Judge of Sullivan County from enforcing an order directing petitioner to conduct a latent fingerprint analysis.

Respondents Richard Grillo, Kelly Helms and Marlaina Ponce were charged in an indictment with various crimes arising from a series of home burglaries. Evidence collected at the crime scenes disclosed, among other things, unidentified latent fingerprints. Petitioner stated his intent, in a letter responding to a request by Ponce, to compare the fingerprints to those of an individual who allegedly brought stolen items to her residence. Petitioner did not, however, commit to performing the comparison by any particular date.

Approximately one month later, Ponce sought an order directing that the comparison be performed within two weeks, and Grillo and Helms joined in the application. Petitioner reiterated his intent to compare the fingerprints, but stated that the court did not have the authority to direct his office to perform the comparison by a date certain. Nevertheless, respondent County Judge of Sullivan County (hereinafter respondent) ordered that the comparison be conducted within 15 days after notice of the order's entry. Petitioner commenced this CPLR article 78 proceeding seeking a writ of prohibition to prevent respondent from enforcing the order, which this Court subsequently stayed (2011 NY Slip Op 90012[U] [2011]).

Initially, we conclude that this proceeding was rendered moot when petitioner performed the comparison and disclosed that there was no match to the latent fingerprints (*see Matter of Sacket v Bartlett*, 241 AD2d 97, 100 [1998], *lv denied* 92 NY2d 806 [1998]; *Muka v Maher*, 59 AD2d 790, 791 [1977]). Nevertheless, we agree with petitioner that the exception to the mootness doctrine is applicable. The issues presented are significant and likely to recur; indeed, respondent has since issued a similar order, and such orders are not directly appealable (*see* CPL 450.20). Moreover, respondent equated compliance with petitioner's readiness for trial, forcing him to either comply with the order or risk dismissal of the criminal action (*see* CPL 30.30 [1] [a]). Thus, this proceeding falls within "the well-established exception to the mootness doctrine for recurring claims of public importance typically evading review" (*Hurrell-*

*Harring v State of New York*, 15 NY3d 8, 24 n 5 [2010]; *see Matter of Briggs v Halloran*, 12 AD3d 1016, 1016 [2004]).

Turning to the merits, respondent has no authority to compel pretrial discovery in criminal cases that is unavailable pursuant to statute, and prohibition lies to prevent an attempt to do so (*see Matter of Briggs v Halloran*, 12 AD3d at 1017; *Matter of Brown v Blumenfeld*, 296 AD2d 405, 406 [2002]; *Matter of Johnson v Brandveen*, 160 AD2d 668, 669 [1990]). A prosecutor is not constitutionally or statutorily required to create discoverable evidence, such as the fingerprint comparison demanded here (*see* CPL 240.20; *Morgan v Salamack*, 735 F2d 354, 358 [2d Cir 1984]; *Matter of Sacket v Bartlett*, 241 AD2d at 101-102; *Matter of Johnson v Brandveen*, 160 AD2d at 669). Furthermore, petitioner's stated intention to conduct the comparison at some point did not constitute a binding stipulation to do so by a date certain; petitioner refused to commit to a fixed time within which to compare the fingerprints, as Grillo concedes. Thus, it cannot be said that the parties reached a mutual accord on a complete agreement with definite, enforceable terms (*see Curcio v Watervliet City School Dist.*, 21 AD3d 666, 667 [2005], *lv denied* 5 NY3d 715 [2005]; *Davis v Sapa*, 107 AD2d 1005, 1006 [1985]; *see also People v Colavito*, 87 NY2d 423, 428-429 [1996]). Accordingly, respondent performed an ultra vires judicial function in directing petitioner to conduct the fingerprint comparison, and the issuance of a writ of prohibition is warranted under the circumstances (*see Matter of Briggs v Halloran*, 12 AD3d at 1017; *Matter of Johnson v Brandveen*, 160 AD2d at 669).

Lahtinen, Spain, Stein and McCarthy, JJ., concur. Adjudged that the petition is granted, without costs, and respondent County Judge of Sullivan County is prohibited from enforcing the August 31, 2011 order.