Wrobel v Doe (2018 NY Slip Op 05097)





Wrobel v Doe


2018 NY Slip Op 05097


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


718 CA 17-01701

[*1]PAUL WROBEL, PLAINTIFF-APPELLANT,
v
JOHN A. DOE, ET AL., DEFENDANTS, BUFFALO BILLS, INC., APEX SECURITY GROUP, INC., CONTEMPORARY SERVICES CORPORATION, AND COUNTY OF ERIE, DEFENDANTS-RESPONDENTS. 






WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (DANIEL HUNTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS BUFFALO BILLS, INC. AND COUNTY OF ERIE. 
BARCLAY DAMON LLP, BUFFALO (ARIANNA KWIATKOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT APEX SECURITY GROUP, INC. 
WALSH, ROBERTS & GRACE, BUFFALO (KEITH N. BOND OF COUNSEL), FOR DEFENDANT-RESPONDENT CONTEMPORARY SERVICES CORPORATION. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 30, 2017. The order granted the motions of defendants APEX Security Group, Inc., Contemporary Services Corporation, and Buffalo Bills, Inc. and the County of Erie, seeking summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a fan of the Miami Dolphins, was attending a game between the Dolphins and defendant Buffalo Bills, Inc. (Bills) at Ralph Wilson Stadium when he was attacked from behind by a group of Bills fans. The stadium is owned by defendant County of Erie (County). Plaintiff suffered a severe injury to his knee as a result of the unprovoked attack, and he commenced this negligence action to recover for his injuries. Supreme Court subsequently granted the respective motions of the Bills and the County, defendant Apex Security Group, Inc. (Apex), and defendant Contemporary Services Corporation (CSC), for summary judgment dismissing the amended complaint against them. We now affirm.
Preliminarily, we note that plaintiff abandoned any challenge to the motions of Apex and CSC by failing to raise any issues in his brief with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Contrary to plaintiff's contention, the court properly determined that the conduct of the Bills and the County was not a proximate cause of his injuries. "[A]s an independent act far removed from [the allegedly negligent] conduct [of the Bills and the County], the [assailants' unprovoked] criminal assault broke the causal nexus [between such allegedly negligent conduct and plaintiff's injury]. The attack was extraordinary and not foreseeable or preventable in the normal course of events" (Maheshwari v City of New York, 2 NY3d 288, 295 [2004]; see Colarossi v University of Rochester, 2 NY3d 773, 774 [2004]; Curcio v East Coast Hoops, Inc., 24 AD3d 997, 998 [3d Dept 2005], lv denied 6 NY3d 710 [2006]). Indeed, "[i]t is difficult to understand what measures could have been undertaken to prevent plaintiff's injury except presumably to have had a security officer posted at the precise location where the incident took place or wherever [rival football fans] were gathered, surely an [*2]unreasonable burden" (Florman v City of New York, 293 AD2d 120, 127 [1st Dept 2002]). We thus conclude that the court properly granted the motion of the Bills and the County and dismissed the amended complaint against them.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court