■ SUSANNE LEE, Respondent, v DUROW'S RESTAURANT, INC., Doing Business as DUROW'S OF GLENDALE, et al., Respondents, MICHAEL MAURO, Appellant, et al., Defendant. [656 NYS2d 321] —In a negligence action to recover damages for personal injuries, the defendant Michael Mauro appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated April 12, 1996, as granted the cross motion of the defendants Durow's Restaurant, Inc., d/b/a Durow's of Glendale, and Geri-Ferg, Inc., d/b/a Durow's, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that, upon searching the record, the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability against the appellant Michael Mauro and the defendant John Mauro, and substituting therefor a provision granting that branch of the motion; and it is further,

Ordered that the defendants Durow's Restaurant, Inc., d/b/a Durow's of Glendale and Geri-Ferg, Inc., d/b/a Durow's, are awarded one bill of costs payable by the appellant.

The plaintiff, Susanne Lee, was a member of a bridal party at a wedding reception held at a restaurant owned and operated by the defendants Durow's Restaurant, Inc., d/b/a Durow's of Glendale and Geri-Ferg, Inc., d/b/a Durow's (hereinafter collectively referred to as the restaurant). During the course of the reception, there were several instances of raucous behavior. In one such incident the defendant John Mauro and his brother, the appellant Michael Mauro, were among several male guests who participated in a "wheelbarrow race", where one person walks on his hands while his partner runs and steers from behind by holding the legs of the first person. As the plaintiff was dancing with the bride and several other

bridesmaids, she was run into from behind by the appellant and John Mauro. As revealed by the wedding video which captured the incident on tape, the plaintiff and the other bridesmaids, along with the bride, tumbled to the dance floor. The plaintiff allegedly sustained a broken leg as a result of the collision.

The plaintiff commenced this action against the appellant and John Mauro, and against the restaurant which, she alleged, negligently failed to protect her from the conduct of the other guests. She moved for summary judgment on the issue of liability against all defendants, or for partial summary judgment against the appellant and John Mauro. The restaurant cross-moved for summary judgment dismissing the complaint as against it. The court denied the plaintiff's motion but granted summary judgment to the restaurant. Only Michael Mauro appeals from the order.

Contrary to the appellant's contentions, the court properly awarded summary judgment to the restaurant. An innkeeper is required to exercise reasonable care to protect its patrons from reasonably anticipated dangers. However, "an unexpected altercation between patrons which results in injury is not a situation which could reasonably be expected to be anticipated or prevented" (*Silver v Sheraton-Smithtown Inn*, 121 AD2d 711, 712; *see also, Lindskog v Southland Rest.*, 160 AD2d 842; *Campbell v Step/Lind Rest. Corp.*, 143 AD2d 111). In the instant case, there is no evidence that the restaurant could have done anything to stop what was clearly a spontaneous and inappropriate race. Rather, "[a]s a matter of law [the brothers' negligence] was the sole proximate cause of the [plaintiff's] injuries" (*Silver v Sheraton-Smithtown Inn, supra*, at 712). Therefore, the restaurant was entitled to judgment as a matter of law.

The plaintiff's motion for partial summary judgment against the appellant and John Mauro, however, should have been granted. Despite the fact that the plaintiff did not cross-appeal the denial of her motion, this Court may search the record to reach this issue, which was raised before the Supreme Court (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425). The plaintiff demonstrated her entitlement to partial summary judgment on the issue of liability as against the appellant and John Mauro. Notwithstanding the general rule that questions of negligence "do not usually lend themselves to summary judgment" (*Ugarriza v Schmeider*, 46 NY2d 471, 474; *see also, Davis v Federated Dept. Stores*, 227 AD2d 514), we find, as a matter of law, that the appellant and John Mauro were clearly

negligent in participating in an inappropriate and potentially dangerous contest across a crowded dance floor. Indeed, the appellant expressly "conceded that this incident occurred as a result of the defendants, Michael Mauro and John Mauro participating in a wheelbarrow race and coming in contact with the plaintiff". A review of the videotape confirms that the collision was the cause of the plaintiff's fall, and we find that no rational jury could conclude otherwise. Nor have the appellant or John Mauro proffered any reasonable excuse for their inappropriate behavior that could lead us to characterize it as anything other than negligent. In participating in this race they clearly owed a duty of care not to collide with other innocent wedding guests (see, Rubino v Ramos, 226 AD2d 912). Accordingly, the instant case is one of those rare negligence cases where partial summary judgment may be awarded to a plaintiff (see, Henderson v L & K Collision Corp., 146 AD2d 569; Farina v Pan Am. World Airlines, 116 AD2d 618; Young v City of New York, 113 AD2d 833; Gerard v Inglese, 11 AD2d 381). Apportionment of liability as between the appellant and John Mauro may be decided by a jury considering damages. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.