■ Noralee Septoff et al., Appellants, v La Shellda Maintenance Corp., Respondent. (And a Third-Party Action.) [662 NYS2d 549] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Kings County (Shaw, J.), entered July 17, 1996, as, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff, Noralee Septoff, was injured when she slipped and fell on a substance on the floor in a store operated by the third-party defendant, Rock Bottom Inc. The defendant La Shellda Maintenance Corp. had been hired to strip the existing wax on the floors and to apply new wax. The plaintiffs contend that the slippery condition was created by the defendant's employees' use of a wax stripping material.

The trial court initially instructed the jury that the defendant could be found negligent if its employees created the dangerous condition and had notice of that condition. This instruction was incorrect, because there is no notice requirement where the defendant has created the dangerous condition (*see, Panagakos v Greek Archdiocese,* 213 AD2d 336; *Ohanessian v Chase Manhattan Realty Leasing Corp.,* 193 AD2d 567). Although the trial court properly agreed to give a modified instruction, the modified instruction may well have confused the jury and warrants reversal (*see, J.R. Loftus, Inc. v White,* 85 NY2d 874; *Cumbo v Valente,* 118 AD2d 679). Accordingly, a new trial is ordered.

The plaintiffs' remaining contention is without merit (*see, Harvey v Mazal Am. Partners,* 79 NY2d 218; *People v Pike,* 131

AD2d 890). Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.