■ RICHARD TAN et al., Appellants, v CLASSIC MALAYSIAN RESTAURANT, INC., et al., Respondents, et al., Defendant. [690 NYS2d 639] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated April 22, 1998, which granted the motion of the defendants Classic Malaysian Restaurant, Inc., and Kim Fatt Cheng for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiffs' cross motion, *inter alia,* to strike the respondents' answer, and (2) an order of the same court dated September 9, 1998, which denied the plaintiffs' motion, denominated as one for renewal and reargument, but which was, in effect, a motion for reargument.

Ordered that the appeal from the order dated September 9, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 22, 1998, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On April 10, 1994, the plaintiffs and several friends were dining at the defendant Classic Malaysian Restaurant, Inc. (hereinafter Classic), when an altercation occurred between the owner of Classic, the defendant Kim Fatt Cheng (hereinafter Cheng), and two other men. At some point during the altercation, one of the men, not Cheng, pulled out a gun and fired shots. The plaintiffs were hit and injured.

Under these circumstances, the Supreme Court properly granted the motion of the defendants Classic and Cheng for summary judgment dismissing the complaint insofar as asserted against them. The shooting incident constituted an unexpected and unforseeable occurrence which a reasonably care-

ful and prudent person would not have anticipated or guarded against (*see, Lee v Durow's Rest.,* 238 AD2d 384; *Linskog v Southland Rest.,* 160 AD2d 842).

Cheng's unsworn written statement was properly excluded from consideration by the Supreme Court (*see, Buonaiuto v Shulberg,* 254 AD2d 384).

Finally, although the plaintiffs' subsequent motion was denominated as one for renewal and reargument, the plaintiffs failed to provide any reason why the allegedly new facts were not submitted on the previous motion. Accordingly, the motion was really one for reargument, and no appeal lies from an order denying reargument (*see, Chiarella v Quitoni,* 178 AD2d 502). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.