■ ARTHUR R. JAYES et al., Respondents, v PATRICK E. STORMS, JR., et al., Respondents, and GOOD, BETTER, BEST, INC., Doing Business as TONY ROMES OF WEST SENECA, Appellant. [784 NYS2d 471]—

Appeal from an order of the Supreme Court, Erie County (Barbara Howe, J.), entered December 22, 2003. The order, insofar as appealed from, denied the motion of defendant Good, Better, Best, Inc., doing business as Tony Romes of West Seneca, for summary judgment dismissing the amended complaint and all cross claims against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Arthur R. Jayes (plaintiff) in the bar area of a restaurant owned by Good, Better, Best, Inc., doing business as Tony Romes of West Seneca (defendant). Supreme Court properly denied the motion of defendant for summary judgment seeking dismissal of the amended complaint and all cross claims against it. "Innkeepers have a duty to exercise reasonable care in protecting patrons from injury arising from reasonably anticipated causes" (*Cittadino v DeGironimo,* 198 AD2d 801, 802 [1993]), including the "duty to

control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85 [1987]). Viewing the evidence in the light most favorable to the nonmoving parties, as we must (*see Victor Temporary Servs. v Slattery,* 105 AD2d 1115, 1117 [1984]), we conclude that defendant's motion was properly denied. The record establishes that there are issues of fact with respect to "the length and intensity of the altercation before plaintiff sustained [his] injury" (*Ash v Fern,* 295 AD2d 869, 870 [2002]) and the reasonableness of defendant's response thereto (*see Wilder v Nickbert Inc.,* 254 AD2d 819 [1998]). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.