(September 29, 2009)

■ PATRICIA J. ABATO et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Respondents. [886 NYS2d 218]—

In an action to recover damages for personal injuries, etc., the defendants County of Nassau, County of Nassau as the owner and operator of the Nassau Veterans Memorial Coliseum, SMG, formerly known as Spectacore Management Group, and Long Island Industrial Hockey League, Inc., appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered May 23, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Patricia J. Abato (hereinafter the plaintiff) allegedly was injured when, while attending a charity ice hockey game at Nassau Veterans Memorial Coliseum, she was knocked to the floor by other spectators attempting to retrieve a souvenir T-shirt that had been tossed into the stands from the ice. To prevail on their motion for summary judgment dismissing the complaint, the appellants were required to establish their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Contrary to their initial contention, the appellants failed to demonstrate that the acts which allegedly caused the plaintiff's injuries were not foreseeable. The commotion that followed the launch of the T-shirt was not the unprompted act of another spectator (*see Elba v Billie's*

*1890 Saloon,* 227 AD2d 438, 439 [1996]; *Scotti v W.M. Amusements,* 226 AD2d 522 [1996]); it was the natural response of those spectators to the action of the appellants (*see Vetrone v Ha Di Corp.,* 22 AD3d 835 [2005]). Moreover, since the appellants created the circumstances that allegedly led to the plaintiff's injuries, their lack of notice is not a defense (*see Septoff v La Shellda Maintenance Corp.,* 242 AD2d 618 [1997]).

To prevail on their primary assumption of risk defense as a matter of law, the appellants were required to demonstrate, prima facie, that the "injury-causing events" were "known, apparent or reasonably foreseeable consequences" of attending the hockey game (*Turcotte v Fell,* 68 NY2d 432, 439 [1986]). They failed to do so. Therefore, the failure of the moving papers to eliminate all triable issues of fact requires the denial of the motion for summary judgment, without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Demshick v Community Hous. Mgt. Corp.,* 34 AD3d 518, 520 [2006]; *Tillman v Nordon,* 4 AD3d 467, 468 [2004]). Spolzino, J.P., Miller and Dickerson, JJ., concur.

Dillon, J. (concurring in the result and voting to affirm the order appealed from, with the following memorandum): I concur with the result reached by my colleagues to affirm, but for an entirely different reason. In my view, the appellants' submissions established their prima facie entitlement to judgment as a matter of law based upon primary assumption of the risk. In opposition, however, the plaintiffs raised an issue of fact that requires a trial. The dispositive issue is not one of foreseeability, which is relied upon by the majority, but is, instead, one of the "aware[ness] of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66 NY2d 270, 278 [1985]). Here, the plaintiff Patricia J. Abato (hereinafter the plaintiff) testified at her deposition that she did not know that T-shirts would be shot into the stands and had never attended previous sporting events where that had occurred. Thus, there is a question of fact as to whether the plaintiff was ever aware, in the first instance, of the risk that the appellants claim she had assumed (*see Lamey v Foley,* 188 AD2d 157, 164 [1993]). Unlike being struck by an errant hockey puck, which is a known and objective inherent risk for spectators of the sport of ice hockey, the appellants' shooting of T-shirts over a glass barrier into the stands does not, in my view, create risks that are known and inherent in the sport (*see Morgan v State of New York,* 90 NY2d 471, 488 [1997] [torn tennis net not an inherent

risk of the sport as a matter of law for summary judgment purposes]; *Lamey v Foley,* 188 AD2d at 164).