■ DAVID RISHTY, Appellant, v DOM, INCORPORATED, et al., Respondents. [888 NYS2d 151]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated August 8, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Elliot Rishty (hereinafter Elliot), then 15 years old, was injured when he allegedly was struck in the face by an unidentified individual while attending an alternative rock concert at a venue known as Club Warsaw, which is owned by DOM, Incorporated (hereinafter together the defendants). Following the incident, the plaintiff, in his individual capacity and as Elliot's father and natural guardian, commenced this action alleging, inter alia, that the defendants negligently failed to

adequately supervise and control the crowd at Club Warsaw. The plaintiff claims that the defendants allowed club patrons to engage in "moshing," an aggressive form of dancing which involves physical contact, for an extended period of time before Elliot was injured, and that Elliot was struck by one of the moshing participants when the "mosh pit" spread over the dance floor. The defendants subsequently moved for summary judgment dismissing the complaint, and the Supreme Court granted their motion, concluding, inter alia, that Elliot's injury was not foreseeable. We reverse.

A property owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *Boyea v Aubin*, 65 AD3d 736 [2009]; *Jayes v Storms*, 12 AD3d 1090, 1091 [2004]; *Kern v Ray*, 283 AD2d 402 [2001]). However, the owner of a public establishment has no duty to protect patrons from unforeseeable and unexpected assaults (*see Giambruno v Crazy Donkey Bar & Grill*, 65 AD3d 1190 [2009]; *Millan v AMF Bowling Ctrs., Inc.*, 38 AD3d 860, 861 [2007]; *Cutrone v Monarch Holding Corp.*, 299 AD2d 388, 389 [2002]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of their production manager, who observed no moshing on the night Elliot was injured, and claimed that club security did not permit mosh pits to form during concerts. The defendants also submitted Elliot's own deposition testimony, which indicated that he did not see the individual who hit him. However, in opposition to the motion, the plaintiff submitted evidence, including the affidavits of two nonparty witnesses, indicating that patrons at the club had been engaged in moshing for approximately 15 minutes before Elliot was injured, and that Elliot, who was not engaged in moshing, was elbowed or struck in the face by one of the moshing participants when the mosh pit spread in size. Under these circumstances, questions of fact exist as to whether the defendants should have been aware of and controlled the conduct of its patrons and, if so, whether the failure to do so was a proximate cause of Elliot's injury (*see Boyea v Aubin*, 65 AD3d 736 [2009]; *Jayes v Storms*, 12 AD3d at 1091; *Kern v Ray*, 283 AD2d 402 [2001]; *see also Rotz v City of New York*, 143 AD2d 301 [1988]; *cf. Stafford v 6 Crannel St.*, 304 AD2d 997 [2003]). Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.