■ DAVID SCHONEBOOM et al., Appellants, v B.B. KING BLUES CLUB & GRILL, Respondent. [888 NYS2d 54]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered on February 26, 2009, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs are barred by the doctrine of primary assumption of the risk from seeking damages for the injuries plaintiff David Schoneboom suffered when an identified person in a group of slam dancers slammed into him. After observing the open and obvious slam dancing from a safe vantage point, and fully appreciating the risk of colliding with a slam dancer, plaintiff nonetheless elected to place himself in close proximity to that activity, thereby assuming the risk that resulted in his injuries (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Turcotte v Fell*, 68 NY2d 432, 437-439 [1986]; *Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 247-248 [2008], *affd* 10 NY3d 889 [2008]).

Plaintiff's remaining arguments are unavailing. Concur— Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ. [*See* 2009 NY Slip Op 30419(U).]

■ In the Matter of SIANNE S. and Another, Infants. LAROYAL S., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [887 NYS2d 846]—Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about October 14, 2008, which, after a traverse hearing, denied respondent father's motion to vacate his default at the fact-finding and dispositional hearings, resulting in the termination of his parental rights to the subject children, unanimously affirmed, without costs.

There is no basis for disturbing the court's finding that credited the testimony of petitioner's process server and discredited that of respondent on the issue of whether service had been made (*see Matter of Tiffany E.*, 214 AD2d 469 [1995]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Acosta and Abdus-Salaam, JJ.