■ ZAYAT STABLES, LLC, Appellant, v NYRA, INC., Respondent. [929 NYS2d 749]—

On August 6, 2007, the plaintiff entered Phone Home, a thoroughbred racehorse it owned, into a race at Saratoga Race Course, which is operated by the defendant. While waiting in the starting gate, Phone Home became fractious in his stall, causing his jockey, John Velazquez, to dismount. According to Velazquez, as he mounted the horse again and prepared himself in the saddle, he repeatedly told an assistant starter located inside the stall that he was not ready to start the race. However, before Velazquez was able to get his right foot into the saddle's "irons," the gates opened, and Velazquez fell off the horse. Phone Home then sprinted riderless onto the track and crashed into the outer rail, causing Phone Home to suffer injuries that required him to retire from racing. The plaintiff commenced this action against the defendant, alleging, inter alia, that the starting gate crew negligently caused the starting gate to open when Velasquez was not ready for the start of the race.

The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's claims were barred by the doctrine of primary assumption of the risk, arguing that the plaintiff assumed the risk of Phone Home's injury by placing him in the race. The plaintiff does not contend that the doctrine of primary assumption of the risk is inapplicable to actions to recover damages for injury to property, but argues that the conduct of the defendant's employees unreasonably increased the risks that are inherent in the sport of thoroughbred racing. Assuming, without deciding, that the doctrine of assumption of the risk is applicable in actions to recover damages for injury to property, we conclude that the motion should have been denied because the defendant failed to establish, prima facie, that the conduct of its employees did not unreasonably increase the usual risks that are inherent in the sport of thoroughbred racing (*see Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 969-970 [1992]; *Winkler v County of Nassau*, 56 AD3d 550, 550-551 [2008]; *Rosati v Hunt Racing, Inc.*, 13 AD3d 1129, 1130 [2004]; *Cruz v City of New York*, 288 AD2d 250, 251 [2001]). Since the defendant did not establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Angiolillo, J.P., Florio, Lott and Austin, JJ., concur. **[Prior Case History: 25 Misc 3d 1230(A), 2009 NY Slip Op 52353(U).]**