Lindley, J.
(dissenting). I respectfully dissent in part. I agree with the majority that Supreme Court properly denied the cross motion of defendants Mark Wilbur and Christin Wilbur for summary judgment dismissing the complaint and cross claims against them. I also agree with the majority that the *1378 court should have granted summary judgment to defendant Whitestone Youth Hockey Association, Inc., which, as the visiting team at the youth hockey game during which the fight in the stands occurred, clearly owed no duty of care to Raymond Pink (plaintiff). I disagree with the majority, however, with respect to the potential liability of defendant Rome Youth Hockey Association, Inc. (RYHA). In my view, the court also should have granted summary judgment to RYHA because it too owed no duty to protect plaintiff from being assaulted by another spectator at the hockey game.
It is well settled that “a possessor of land, whether he be a landowner or a leaseholder [such as RYHA], is not an insurer of the visitor’s safety” (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980]; see Maheshwari v City of New York, 2 NY3d 288, 294 [2004]). “Thus, even where there is an extensive history of criminal conduct on the premises, the possessor cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience ‘that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor’ (Restatement [Second] Torts § 344, Comment f). Only if such conditions are met may the possessor of land be obliged to ‘take precautions . . . and to provide a reasonably sufficient number of servants to afford a reasonable protection’ (id.)” (Nallan, 50 NY2d at 519; see Gray v Forest City Enters., 244 AD2d 974, 974 [1997]).
Here, there is no evidence that there were any prior fights among spectators at a youth hockey game involving teams from RYHA. In fact, plaintiffs have not cited a single instance in New York State history in which a spectator was injured during a fight at a youth hockey game. Thus, in my view, it was not foreseeable that a spectator would be assaulted by another spectator at a youth hockey game sponsored or hosted by RYHA, and RYHA therefore had no duty to protect plaintiff from being assaulted. In the words of Judge Cardozo, “[t]he risk reasonably to be perceived defines the duty to be obeyed” (Palsgraf v Long Is. R.R. Co., 248 NY 339, 344 [1928], rearg denied 249 NY 511 [1928]; see Powers v 31 E 31 LLC, 24 NY3d 84, 94 [2014]).
The majority appears to agree that, prior to the game, it was not foreseeable that a fight would break out in the stands. It thus follows that RYHA had no duty to provide security at the arena, or otherwise to take steps at that time to protect spectators from being assaulted by other spectators. The majority nevertheless concludes that, because “the tensions in the *1379 stands built throughout the game,” an issue of fact exists whether RYHA knew or should have known of the likelihood of a fight. There is no evidence in the record, however, that any representative from RYHA was in the arena at the time so as to put RYHA on notice that a fight could ensue, and in any event by that time it would have been too late to arrange for security personnel to intervene.
The cases relied upon by the majority—Jayes v Storms (12 AD3d 1090 [2004]), Ash v Fern (295 AD2d 869 [2002]) and Cittadino v DeGironimo (198 AD2d 801 [1993])—are distinguishable because they involved fights at bars or restaurants where the owners of the establishments, or their employees, had observed the assailants’ increasingly disruptive behavior over a period of time. Here, as noted, no one from RYHA observed the behavior of the spectators in the stands before plaintiff was assaulted. Plaintiffs cite no cases in New York or any other state where a youth athletic association has been deemed to have a duty to protect spectators from being assaulted by other spectators, and I could find none. I do not think this should be the first case to so hold. In sum, I conclude that, given the absence of prior fights among spectators at youth hockey games, it was not foreseeable that plaintiff would be assaulted by another spectator, and, thus, RYHA had no duty to protect him from that unanticipated harm. Present — Scudder, P.J., Centra, Fahey, Lindley and De Joseph, JJ.