■ Tara Brosnan, Appellant, v 6 Crannell Street, LLC, Individually and Doing Business as The Chance Theater, et al., Respondents. (And a Third-Party Action.) [49 NYS3d 502]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated April 8, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured while attending a heavy

metal concert at a venue called The Loft, which is part of The Chance Theater in Poughkeepsie. While the plaintiff was standing and talking with a friend, another patron allegedly collided with the plaintiff while engaging in "slam dancing." According to the plaintiff, at the time of the accident, she was standing near the front door of The Loft, across the room from the stage and the area directly in front of where slam dancing was taking place, and was not participating in the slam dancing. The plaintiff further testified at her deposition that she was purposely trying to avoid getting close to the slam dancers.

The plaintiff commenced this action against the defendants, the alleged owners, lessors, lessees, operators, and managers of the subject premises, alleging, inter alia, that they negligently failed to adequately supervise and control the crowd at The Loft. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff's claims were barred by the doctrine of primary assumption of risk. The Supreme Court granted the motion, and we reverse.

The doctrine of primary assumption of risk "applies when a consenting participant in a qualified activity 'is aware of the risks; has an appreciation of the nature of the risks; and voluntary assumes the risks' " (*Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012], quoting *Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]). A person who chooses to engage in such an activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). The doctrine has generally been restricted "to particular athletic and recreative activities in recognition that such pursuits have 'enormous social value' even while they may 'involve significantly heightened risks' " (*Custodi v Town of Amherst*, 20 NY3d at 88, quoting *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]), and are, therefore, "worthy of insulation from a breach of duty claim" (*Custodi v Town of Amherst*, 20 NY3d at 89). Here, even assuming, without deciding, that attending a heavy metal concert where slam dancing takes place is a qualified activity to which the doctrine may properly be applied (*compare Duffy v Long Beach City Sch. Dist.*, 134 AD3d 761, 763-764 [2015]; *Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621 [2014], *with Schoneboom v B.B. King Blues Club & Grill*, 67 AD3d 509 [2009]), under the facts presented, the defendants, as the organizers and sponsors of the event, failed to eliminate triable issues of fact as to whether they met their

duty to exercise care to make the conditions at the subject venue as safe as they appeared to be (*see Custodi v Town of Amherst*, 20 NY3d at 88; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]) and did not unreasonably increase the usual risks inherent in the activity of concert going (*see Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y.*, 123 AD3d 960 [2014]; *Zayat Stables, LLC v NYRA, Inc.*, 87 AD3d 1063 [2011]; *Abato v County of Nassau*, 65 AD3d 1268 [2009]; *Muniz v Warwick School Dist.*, 293 AD2d 724 [2002]; *Greenburg v Peekskill City School Dist.*, 255 AD2d 487 [1998]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.