DAVID NEVO, Respondent, v KNITTING FACTORY BROOKLYN, INC., Appellant, et al., Defendants. [53 NYS3d 183]—

In an action to recover damages for personal injuries, the defendant Knitting Factory Brooklyn, Inc., appeals from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 12, 2015, as denied that branch of its motion which was for summary judgment dismissing the first, third, and fourth causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that he sustained personal injuries while attending a "metal" music concert at the defendant Knitting Factory Brooklyn, Inc. (hereinafter the Knitting Factory). The plaintiff, a first-time attendee of a general admission metal music show, allegedly was pushed from behind into a "mosh pit" and sustained injuries when, as he was attempting to exit the mosh pit, one of the mosh pit participants hit him in the eye.

According to the deposition testimony of the general manager of the Knitting Factory, there were two state-licensed security guards on duty that evening and the show was almost sold out. The general manager also testified that, at the Knitting Factory, "moshing" would be stopped if and when it became unsafe and affected bystanders.

The plaintiff commenced this action against, among others, the Knitting Factory, alleging that it was negligent in the ownership, operation, direction, supervision, possession, and control of the venue where the incident occurred. The Knitting Factory moved, inter alia, for summary judgment dismissing the first, third, and fourth causes of action, each sounding in negligence, insofar as asserted against it, on the basis of the doctrine of primary assumption of risk. In the alternative, the Knitting Factory argued that the incident was caused by an unforseen and sudden act of a third-party over which it had no control and which amounted to an unforeseeable criminal act and that adequate security measures had been taken. The Supreme Court denied that branch of the motion.

A property owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 518-519 [1980]; *Rishty v DOM, Inc.*, 67 AD3d 662, 663 [2009]). The doctrine of primary assumption of risk "applies when a consenting participant in a qualified activity 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (*Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012], quoting *Bukowski v Clarkson Univ.*, 19 NY3d 353, 356 [2012]). A person who chooses to engage in such an activity "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the [activity] generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). The duty owed in these

situations is "a duty to exercise care to make the conditions as safe as they appear to be" (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). The doctrine has generally been restricted "to particular athletic and recreative activities in recognition that such pursuits have 'enormous social value' even while they may 'involve significantly heightened risks'" (*Custodi v Town of Amherst*, 20 NY3d at 88, quoting *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]), and are, therefore, "worthy of insulation from a breach of duty claim" (*Custodi v Town of Amherst*, 20 NY3d at 89).

Here, even assuming, without deciding, that attending a metal music concert where "moshing" takes place is a qualified activity to which the doctrine may properly be applied (*see Brosnan v 6 Crannell St., LLC*, 148 AD3d 861 [2d Dept 2017]; *compare Duffy v Long Beach City Sch. Dist.*, 134 AD3d 761, 763-764 [2015], *and Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621 [2014], *with Schoneboom v B.B. King Blues Club & Grill*, 67 AD3d 509 [2009]), under the facts presented here, the Knitting Factory failed to eliminate triable issues of fact as to whether it met its duty to exercise care to make the conditions at the subject venue as safe as they appeared to be (*see Custodi v Town of Amherst*, 20 NY3d at 88; *Turcotte v Fell*, 68 NY2d at 439), and did not unreasonably increase the usual risks inherent in the activity of concert going (*see Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y.*, 123 AD3d 960 [2014]; *Zayat Stables, LLC v NYRA, Inc.*, 87 AD3d 1063 [2011]; *Abato v County of Nassau*, 65 AD3d 1268 [2009]; *Muniz v Warwick School Dist.*, 293 AD2d 724 [2002]; *Greenburg v Peekskill City School Dist.*, 255 AD2d 487 [1998]). The Knitting Factory also failed to eliminate triable issues of fact as to whether the plaintiff assumed the risk of injury (*see Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *Abato v County of Nassau*, 65 AD3d 1268 [2009]; *cf. Schoneboom v B.B. King Blues Club & Grill*, 67 AD3d 509 [2009]), whether the plaintiff's alleged injuries were foreseeable, and whether it provided adequate security measures and, if not, whether its failure was a proximate cause of the plaintiff's alleged injuries (*see Rishty v DOM, Inc.*, 67 AD3d 662 [2009]).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action sounding in negligence insofar as asserted against it, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.