M.F. v Jericho Union Free Sch. Dist. (2019 NY Slip Op 03781)





M.F. v Jericho Union Free Sch. Dist.


2019 NY Slip Op 03781


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-03657
 (Index No. 606423/15)

[*1]M.F., etc., et al., respondents, 
v
Jericho Union Free School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellant.
Neil H. Greenberg & Associates, P.C., Massapequa, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered February 9, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and negligent supervision.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and negligent supervision is granted.
In August 2014, the infant plaintiff (hereinafter the plaintiff), who was then 14 or 15 years old, allegedly was injured during a high school junior varsity football practice when a five-person blocking sled that was being used during a drill ran over his left foot. The plaintiff was an experienced football player, having played football since he was seven years old. He had attended 10 practices with the junior varsity team in the weeks before the incident and had participated in the same drill with the blocking sled.
According to the deposition testimony of the plaintiff's football coach, on the day the plaintiff was injured, the plaintiff was not physically participating in practice because he did not feel well, but had asked the coach to be allowed to stay "to make sure he didn't miss out on learning anything, plays and things like that." The coach told the plaintiff that he could watch practice, but could not participate, and directed him to stand parallel to the sideline, which was "maybe 10 yards away" from where team members were performing a drill pushing the blocking sled.
According to the plaintiff's deposition testimony, as the plaintiff watched the drill, he saw that the sled would sometimes veer to the right or left. During the drill, the plaintiff moved parallel to the direction in which the other team members were pushing the sled. At the time of the accident, the plaintiff was three to five yards away from the sled when the five players started to push it, but he was not paying attention to the drill. When he looked back from where he was standing, he saw that the sled had veered toward him. The sled was less than five yards away from the plaintiff when a coach began yelling at him to get out of the way. The sled ran over the plaintiff's [*2]left foot, causing injury to his ankle.
The plaintiff, by his mother, and his mother individually, commenced this action against the defendant to recover damages for the injuries. After discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of primary assumption of the risk. The Supreme Court denied the defendant's motion as to the causes of action sounding in common-law negligence and negligent supervision, but granted it as to the cause of action alleging a defective condition. The defendant appeals.
Under the doctrine of primary assumption of the risk, a person who chooses to engage in certain recreational or athletic activities "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Nevo v Knitting Factory Brooklyn, Inc., 149 AD3d 1088, 1089). When a plaintiff assumes the risk of participating in a sporting event, "the defendant is relieved of legal duty to the plaintiff; and being under no duty, he cannot be charged with negligence" (Turcotte v Fell, 68 NY2d 432, 437 [internal quotation marks omitted]). The doctrine applies when a consenting participant in a qualified activity is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks'" (Custodi v Town of Amherst, 20 NY3d 83, 88, quoting Bukowski v Clarkson Univ., 19 NY3d 353, 356; see Nevo v Knitting Factory Brooklyn, Inc., 149 AD3d at 1089). Participants, however, are not deemed to have assumed risks resulting from the reckless or intentional conduct of others, or risks that are concealed or unreasonably enhanced (see Custodi v Town of Amherst, 20 NY3d at 88; Morgan v State of New York, 90 NY2d at 485; M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953, 954). Thus, as relevant here, "[a]n educational institution organizing a team sporting activity must exercise ordinary reasonable care to protect student athletes voluntarily participating in organized athletics from unassumed, concealed, or enhanced risks" (Bukowski v Clarkson Univ., 19 NY3d at 356; see Kaminer v Jericho Union Free Sch. Dist., 139 AD3d 1013, 1014).
The doctrine of primary assumption of the risk applies not only to participants in a qualified activity, but also to bystanders or spectators who have placed themselves in close proximity to it, "particularly where the record shows that the plaintiff had viable alternatives to [his or] her own location" (Koenig v Town of Huntington, 10 AD3d 632, 633; see Cocco v City of New York, 114 AD3d 617, 617; Sutton v Eastern N.Y. Youth Soccer Assn., Inc., 8 AD3d 855, 857). "[T]he spectator at a sporting event, no less than the participant, accepts the dangers that inhere in it so far as they are obvious and necessary'" (Akins v Glens Falls City School Dist., 53 NY2d 325, 329, quoting Murphy v Steeplechase Amusement Co., 250 NY 479, 482; see Savage v Brown, 128 AD3d 1343, 1344).
Here, the defendant established its prima facie entitlement to judgment as a matter of law. The defendant submitted evidence that the plaintiff fully comprehended the risks inherent in the sport of football, specifically, that a blocking sled could veer to the left or the right while it was being used in a drill (see Brown v City of New York, 69 AD3d 893, 893-894; cf. M.P. v Mineola Union Free Sch. Dist., 166 AD3d at 954). In opposition, the plaintiffs failed to raise a triable issue of fact regarding whether the defendant's alleged negligent supervision constituted a failure to exercise reasonable care in protecting the plaintiff from an unreasonably increased risk (see Spiteri v Bisson, 134 AD3d 799, 801).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and negligent supervision.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court