Gingrich v Encounter Church of Rochester, Inc. (2024 NY Slip Op 50225(U))

[*1]

Gingrich v Encounter Church of Rochester, Inc.

2024 NY Slip Op 50225(U)

Decided on March 5, 2024

Supreme Court, Monroe County

Waldorf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2024
Supreme Court, Monroe County

Timothy Gingrich and LYNETTE GINGRICH, Plaintiffs,

against
Encounter Church of Rochester, Inc. f/k/a NEW HOPE COMMUNITY CHURCH OF NORTH CHILI, INC., f/k/a CHILI COMMUNITY CHURCH, INC., JONATHAN WELTON, WELTON MINISTRIES, WELTON MEDIA, INC., EMPOWERED LIFE CHURCH f/k/a EMPOWER CHURCH & TRAINING CENTER, IVAN ROMAN, HAROLD EBERLE, and WORLDCAST MINISTRIES, Defendants.

Index No. E2020008102

John A. Falk, Esq., and Kathryn Lee Bruns, Esq., Faraci Lange, LLP, for Plaintiffs.
Joseph R. Darin, Esq., Kenney Shelton Liptak Nowak, LLP, for Defendant Encounter Church of Rochester, Inc. f/k/a New Hope Community Church of North Chili, Inc. f/k/a Chili Community Church, Inc.
Peter Gregory, Esq., McConville, Considine, Cooman & Morin, P.C., for Defendants Jonathan Welton, Welton Ministries, and Welton Media, Inc.
Brian Biggie, Esq. and Twesha Dogra, Esq., Gerber Ciano Kelly Brady LLP, for Defendants Empowered Life Church f/k/a Empower Church & Training Center and Ivan Roman.
Daniel P. Fletcher, Esq., Costello, Cooney & Fearon, PLLC, for Defendant Harold Eberle.
John P. Cahill, Esq., for Defendant Worldcast Ministries.

Joseph D. Waldorf, J.

Before the Court are several motions raising questions such as to whom — if anyone — [*2]does liability attach for a congregant's injuries during a spirited church service? For the reasons that follow, a jury will be tasked with answering these questions as they arise amongst and between the collective parties and what damages, if any, to award.
BACKGROUND
On October 27, 2018 Timothy Gingrich traveled to attend a 2018 Summit ("the Summit") to receive a Certificate of Commissioning representing the culmination of three years of study with the Welton Academy ("Welton Academy"). The Summit took place at Encounter Church of Rochester, Inc., then known as the New Hope Community Church of North Chili, Inc. ("Encounter Church"). Encounter Church's Pastor invited Mr. Gingrich to the front of the church along with approximately 45-50 other students to receive their certificates from Welton Academy. And during this combined church service and ceremonial event Harold Eberle ("Eberle") performed a prayer of impartation. 
At some point, Eberle threw a bag to Ivan Roman ("Roman"). Roman caught the bag and moved backwards resulting in a collision with Mr. Gingrich who fell to the ground and thereby sustained alleged serious injuries. Thus, Timothy Gingrich and his wife, Lynette Gingrich, derivatively (collectively "Plaintiffs") commenced the instant action seeking damages against the collective Defendants for injuries sustained.

 DEFENDANT JONATHAN WELTON'S MOTION FOR SUMMARY JUDGMENT
Defendant Jonathan Welton ("Welton") moves for summary judgment pursuant to CPLR 3212 for an order dismissing Plaintiffs' claims as against him in his individual capacity as well as an order dismissing Defendant Eberle, Defendant Empower Church, and Defendant Roman's cross-claims insofar as asserted against Welton in his individual capacity. Specifically, Welton claims entitlement to judgment as a matter of law pursuant to Not-for-Profit Corporation Law § 720-a whereby uncompensated principals of corporations covered by 501 (c) (3) of the Internal Revenue Code are entitled to qualified immunity unless the alleged conduct constituted gross negligence or said conduct was intended to cause the resultant harm. Defendant Encounter Church and Plaintiffs oppose the motion. For the reasons that follow, Defendant Welton's motion for summary judgment is DENIED.
Welton argues that Defendant Welton Ministries is an organization covered under 501 (c) (3) of the Internal Revenue Code and that he serves as its President. Plaintiff effectively conceded as much in its amended complaint and in their response to Welton's Statement of Material Facts. (See Doc. # 32 at ¶¶ 9-11; See also, Doc. No. 137, Plaintiffs' Response to Statement of Material Facts at ¶¶ 30-31). But this does not end the qualified immunity inquiry. 
Indeed, the plain language of N-PCL § 720-a requires that to be afforded immunity the officer's liability "shall be. . .based solely on his. . .conduct in the execution of such office. . ." Here, Welton failed to establish as a matter of law that Plaintiffs' claims — and Defendants' cross-claims — are based solely on his conduct as an officer with Defendant Welton Ministries.[FN1]

As such, with Welton having failed to establish his prima facie burden the Court need not consider the sufficiency of the opposition papers. In any event, assuming arguendo that Welton [*3]had met his prima facie burden Plaintiffs and Defendants raised issues of fact in response concerning his — and that of Defendant Welton Academy and Welton Media, Inc.'s — respective roles in the injury-producing Summit.[FN2]
Indeed, neither Welton Academy nor Welton Media, Inc. moved for summary judgment. Thus, Defendant Welton's motion for summary judgment is DENIED. 

DEFENDANT ENCOUNTER CHURCH'S MOTION FOR SUMMARY JUDGMENT
Encounter Church moves for summary judgment arguing it cannot be held liable for Eberle and Roman's bag toss as their respective actions were unforeseeable and spontaneous conduct. Specifically, Encounter Church argues that it had no actual or constructive knowledge of the bag toss demonstration and that it maintained its premises in a reasonably safe manner. Plaintiffs, Eberle, Worldcast Ministries, Empower and Roman oppose the motion. "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension. . .The range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury." (Palsgraf v Long Island R. Co., 248 NY 339, 344-45 [1928].) And on this record varying inferences exist; Encounter Church's motion for summary judgment is DENIED.
"In order to prevail on a negligence claim, 'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom'. . .. In the absence of a duty, as a matter of law, there can be no liability." (Pasternack v Laboratory Corp. of America Holdings, 27 NY3d 817, 825 [2016] [internal citation omitted].) 
When considering negligence claims directed against a property owner, said "owner must act in a reasonable manner to prevent harm to those on its premises, which includes a duty to control the conduct of persons on its premises when it has the opportunity to control such conduct, and is reasonably aware of the need to do so." (Rishty v DOM, Inc., 67 AD3d 662, 663 [2d Dept 2009].) But an owner owes "no duty to protect patrons from unforeseeable and unexpected assaults." (Id.). 
Here, Plaintiffs' amplified amended pleadings allege that Encounter Church maintained supervision and control over the Summit and created a dangerous condition by directing a large number of congregants — including Mr. Gingrich — to the front of the church for the Commissioning Ceremony and Impartation Prayer. As such, according to Plaintiffs, Encounter Church's conduct could foreseeably result in physical manifestations amongst those assembled thereby causing injuries to those assembled and thus resulting in an alleged failure to keep its premises in a reasonably safe condition.
In support of its motion with respect to owing no duty to Plaintiffs, Encounter Church argues a number of points. For instance, there was no contract or written agreement between it and the Welton Academy to host the Summit; it merely hosted the Summit and cleaned up [*4]afterwards; and it lacked any direction or control over Eberle or Roman. As such, Encounter Church claims it had no actual or constructive knowledge of Eberle and Roman's bag toss demonstration, no opportunity to prevent it, and thus owed no duty to Mr. Gingrich as a result of Eberle and Roman's unforeseeable and spontaneous actions. 
For this proposition, Encounter Church relies on a number of cases including Lee v Durow's Restaurant (238 AD2d 384 [2d Dept 1997]) where defendant restaurant was granted summary judgment on the grounds that the restaurant could not have stopped the individual defendants' spontaneous "wheelbarrow race" causing plaintiff's injuries.
But even assuming, arguendo, that on such evidence in the instant record coupled with authority such as Durow's Restaurant, Encounter Church met its prima facie burden entitling it to judgment as a matter of law, Plaintiffs and co-defendants raised triable issues of fact in response. 
For instance, contrary to Encounter Church's contention that it played no role in the natural sequence of injury producing events, Plaintiffs submitted evidence that Encounter Church exercised significant control over the Summit and that issues of fact exist insofar as it allegedly created a dangerous condition by the manner in which the ceremony and impartation prayer were conducted. "Issues of negligence, foreseeability and proximate cause involve the kinds of judgmental variables which have traditionally, and soundly, been left to the finders of fact to resolve even where the facts are essentially undisputed." (Rotz v City of New York, 143 AD2d 301, 304 [1st Dept 1988].) Such is the case here (See e.g., Nevo v Knitting Factory Brooklyn, Inc., 149 AD3d 1088, 1090 [2d Dept 2017] [venue hosting "metal music concert where 'moshing' takes place. . .failed to eliminate triable issues of fact as to whether it met its duty to exercise care to make the conditions at the subject venue as safe as they appeared to be . . . and did not unreasonably increase the usual risks inherent in the activity of concert going. . ."'].) 
Indeed, when considering Encounter Church's proximate cause argument, it is well-settled that "[t]he fact that the acts of a third person or persons intervened between defendant's conduct and the plaintiff's injury does not automatically sever the causal connection necessary to establish liability if that intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence. . ." (Rotz v City of New York, 143 AD2d 301, 306 [1st Dept 1988]). 
Here, Encounter Church's focus on the Eberle/Roman bag toss is but one alleged proximate cause of the incident. And it is well-settled that an injury-producing event may well have more than one proximate cause (See e.g., Brown v Askew, 202 AD3d 1501, 1505 [4th Dept 2022]). Such are the triable issues of fact presented on the instant record (See e.g., Rotz v City of New York, 143 AD2d 301, 306 [1st Dept 1988] [a defendant landowner need not have anticipated the precise manner of the accident as crowd control measures and intervening conduct of third persons raise questions of fact]; Hain v Jamison, 28 NY3d 524, 532 [2016] [fact question exists "where, due to a defendant's negligence, the plaintiff is left in a position susceptible to further harm."].) Thus, Encounter Church's motion for summary judgment is DENIED.

 PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO ROMAN AND AN ORDER DISMISSING DEFNDANTS' ARTICLE 14-A AFFIRMATIVE DEFENSES
Plaintiffs move for partial summary judgment pursuant to CPLR 3212 for an order establishing liability as against Defendant Roman and also for an order dismissing the collective Defendants' Article 14-A affirmative defenses alleging Plaintiffs' comparative fault and/or assumption of the risk in the happening of the accident. Eberle, Empower and Roman, and Worldcast Ministries oppose the motion. For the reasons that follow, Plaintiffs' motion is DENIED.
Even assuming, arguendo, that Plaintiffs met their initial burden as to Roman's alleged negligence in the happening of the accident, Roman raised triable issues of fact in response. For instance, the instant record reveals factual disputes as to the distance between Roman and Mr. Gingrich following Roman catching the bag tossed by Eberle. Did Roman trip and fall into Mr. Gingrich or backpedal like a defensive back in football? Such factual questions are to be answered by the jury. (See generally, Van Alstyne v Magique Discotheque Corp., 180 AD2d 453 [1st Dept 1992] [reversing trial court's granting of Plaintiff's summary judgment motion directed against Chippendales for injuries "she sustained when two performers toppled off the stage and fell upon her while she was occupying a ringside seat."].) Here, while there are no factual questions as to the bag toss from Eberle to Roman, there are questions as to Roman's conduct leading up to his impact with Mr. Gingrich. Thus, Plaintiffs' motion seeking partial summary judgment as to Roman's negligence in the happening of the accident is DENIED.
As to Plaintiffs' motion seeking dismissal of Defendants' Article 14-A affirmative defenses, that motion is similarly DENIED. For instance, Plaintiffs may not on one hand use a spirited church service as a sword as a basis for Encounter Church's alleged negligence and at the same time use said spirited church service as a shield to avoid a jury's assessment of Mr. Gingrich's participation in the service (Compare e.g., Nevo v Knitting Factory Brooklyn, Inc., 149 AD3d 1088, 1090 [2d Dept 2017] [issue of fact as to Plaintiff-concert goers assumption of risk by attending heavy metal music concert with "mosh pit" activity] with Schoneboom v B.B. King Blues Club & Grill, 67 AD3d 509 [1st Dept 2009] ["After observing the open and obvious slam dancing. . .plaintiff nonetheless elected to place himself in close proximity to that activity, thereby assuming the risk that resulted in his injuries."].) Thus, Plaintiffs failed to establish their entitlement to judgment as a matter of law dismissing the collective Defendants' affirmative defenses and the Court need not consider the sufficiency of Defendants' opposition papers. As such, Plaintiffs' motion to dismiss Defendants' respective affirmative defenses is DENIED.

 DEFENDANTS EMPOWER AND ROMAN'S BIFURCATION MOTION
Defendants Empower Life Church and Roman move for an order bifurcating the liability and damages phases of the trial pursuant to CPLR 603 and 22 NYCRR 202.42. Eberle, the collective Welton Defendants, and Worldcast Ministries join in the motion; Plaintiffs took no position on papers but at oral argument expressed a desire for the damages phase (if any) to be conducted some length of time after the liability phase. For the reasons that follow, the motion is GRANTED but it is ORDERED that the damages phase of the trial will be conducted immediately following the liability phase and shall proceed before the same empaneled jury.
Under CPLR 603, the Court may order severance of claims or separate issues "[i]n the furtherance of convenience or to avoid prejudice." Additionally, 22 NYCRR 202.42 (a) encourages judges to bifurcate trials on issues of liability and damages in personal injury actions if it decides that this will clarify or simplify the issues and lead to a fair and expeditious [*5]disposition of the action. Whether to grant bifurcation is a decision left to this Court's discretion (See e.g., Pittsford Canalside Properties, LLC v Pittsford Village Green, 154 AD3d 1303, 1305 [4th Dept 2017]).
Here, in the exercise of the Court's discretion the Court agrees that bifurcation will assist the factfinder in clarifying what liability — if any — attaches to the various parties for the happening of the accident. In the further exercise of the Court's discretion, and mindful of judicial economies achieved thereby, the damages phase of this bifurcated trial shall commence immediately following the liability phase before the same empaneled jury.
Accordingly, it is hereby
ORDERED, that Defendant Welton's motion for summary judgment is DENIED, and it is further
ORDERED, that Defendant Encounter Church's motion for summary judgment is DENIED, and it is further
ORDERED, that Plaintiffs motion for partial summary judgment establishing liability as against Defendant Roman and also for an order dismissing the collective Defendants' Article 14-A affirmative defenses alleging Plaintiffs' comparative fault and/or assumption of the risk in the happening of the accident is DENIED, and it is further
ORDERED, that Defendant Empower Life Church and Roman's motion for bifurcation pursuant to CPLR 603 and 22 NYCRR 202.42 is GRANTED but it is further ORDERED that the damages phase of the trial will be conducted immediately following the liability phase and shall proceed before the same empaneled jury.
Any arguments or prayers for relief advanced by the parties but not specifically addressed herein are DENIED.
This constitutes the Decision and Order of the Court.
Honorable Joseph D. Waldorf
Supreme Court Justice
March 5, 2024

Footnotes

Footnote 1:For the purposes of resolving this motion the Court assumes — without deciding — that Welton's qualified immunity defense was not waived.

Footnote 2:For instance, on the instant record there is evidence that Defendant Welton Media charged fees for ticket sales to the 2018 Summit and invited Defendants Roman and Eberle to the event. As such, it cannot be said that Plaintiffs' amplified pleadings and Defendants' cross claims relate solely to Welton in his capacity as an officer of Defendant Welton Ministries.