■ SHARON VAN ALSTYNE, Respondent, v MAGIQUE DISCO-THEQUE CORP., Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 2, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment as to liability, unanimously reversed, on the law, and motion denied without costs.

Plaintiff alleges that while attending a show at the night club known as Chippendales, owned and operated by defendant, she sustained injuries when two performers toppled off the stage and fell upon her while she was occupying a ringside seat. While defendant's opposition to the motion was presented by way of its attorney's affirmation, this adequately served as the "vehicle" for the submission of " 'evidentiary proof in admissible form' ", competent to raise a triable issue of fact *(Zuckerman v City of New York,* 49 NY2d 557, 563).

Before even reaching the question of defendant's negligence, which is "inherently a question for the fact-trier in all but the most egregious instances" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8), we are confronted with a threshold question as to the happening of the incident itself. Two days after the accident, plaintiff appeared for treatment at Boston's Beth Israel Hospital, where her records reveal she had suffered injury "when an Alvin Ailey dancer reportedly lost his balance on stage & fell on to her". There is no proof that members of the Alvin Ailey dance troupe were employed at Chippendales, whose relevant entertainment format on the evening in question consisted of a male performer swinging from a rope. (It was this performer, billed as "the Barbarian", who allegedly lost his grip and landed, along with a fellow performer, on plaintiff.) Furthermore, defendant has no record of the incident, although its president has deposed that an accident report would ordinarily be made and preserved as part of its regular course of business. Concur—Murphy, P. J., Ellerin, Wallach and Smith, JJ.