■ MORGAN & FINNEGAN, Respondent, v HOWE CHEMICAL COMPANY, INC., Appellant. [619 NYS2d 719] —Order and judg-

ment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered May 5, 1994 and May 12, 1994, respectively, which granted plaintiff's motion for summary judgment in the amount of $105,887.64, plus interest, costs and disbursements totalling $135,309.22, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a hearing on attorney fees.

Plaintiff instituted this action to recover attorney fees in the amount of $105,887.65 for representation of defendant corporation in a Federal action alleging trademark infringement. The court declined to issue a preliminary injunction restraining defendant from marketing a tooth whitening system, and the matter was subsequently settled without any restrictions on defendant's advertising and sale of the product.

On this appeal, plaintiff argues that it was entitled to summary judgment since detailed bills demonstrate that it performed the work for which it seeks recovery. Defendant does not dispute the quality of services rendered but asserts that there is a "serious misunderstanding" about the amount of effort required to achieve the favorable outcome. Defendant notes that the extent of plaintiff's duties in this litigation was the preparation of papers in opposition to a motion for injunctive relief and contends that a hearing is required to determine the reasonable value of the services rendered.

We agree. Plaintiff's showing that it was retained in an urgent matter of enormous financial importance and that five attorneys worked long hours under considerable time pressure to prepare successful opposition papers does not obviate the need for a hearing. The reasonableness of plaintiff's fees can be determined only after consideration of the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved (Matter of Freeman, 34 NY2d 1, 9; Marshall v New York City Health & Hosps. Corp., 186 AD2d 542, 543; Gutin v Gutin, 155 AD2d 586, 587; cf., Kramer, Levin, Nessen, Kamin & Frankel v Aronoff, 638 F Supp 714).

Plaintiff's attempt to assail the sufficiency of defendant's opposition to the motion is unavailing. Defense counsel's affirmation on matters within his expertise as well as depositions from attorneys practicing in plaintiff's area of specialty

are sufficient to place the issues of fact before the court *(Van Alstyne v Magique Discotheque Corp.,* 180 AD2d 453; *see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325; *Olan v Farrell Lines,* 64 NY2d 1092). Concur—Sullivan, J. P., Wallach, Ross, Rubin and Williams, JJ.