V., Sʀ., Appellant. [701 NYS2d 417] —Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about September 12, 1995, which terminated appellant's parental rights to the subject children upon a finding of mental retardation, and committed guardianship and custody of the children to petitioner agency and the Commissioner of Administration of Family Services, unanimously affirmed, without costs.

The uncontroverted testimony of the court-appointed psychologist provided clear and convincing evidence that appellant suffered from mental retardation and that he is presently and for the foreseeable future unable, by reason of such condition, to care adequately for the children. Given the record that establishes appellant's present and future inability to adequately care for the children, a dispositional hearing was not necessary in order to find that termination of appellant's parental rights was in the best interests of the children (*Matter of Joyce T.*, 65 NY2d 39). Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.

■ Tʜᴇ Pᴇᴏᴘʟᴇ ᴏꜰ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏꜰ Nᴇᴡ Yᴏʀᴋ, Respondent, v Cʜʀɪsᴛᴏᴘʜᴇʀ Sᴄʜᴏʀᴇᴀ, Appellant. [700 NYS2d 825] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered October 7, 1996, convicting defendant, after a jury trial, of two counts of robbery in the first degree, and sentencing him to concurrent terms of 6 to 18 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility and identification.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.

■ Rᴀᴄʜᴍᴀɴɪ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ et al., Appellants-Respondents, v Rᴀɴᴅᴀʟʟ T. Sɪᴍs, Respondent-Appellant. [701 NYS2d 422] —Judgment, Supreme Court, New York County (Julius Birnbaum, Spec. Ref.), entered May 24, 1999, which, in this proceeding to fix attorneys' fees, awarded respondent attorney a $300,000 charging lien fee, pre-judgment interest in the amount of $65,003.42, and costs and disbursements in the amount of $4,815.50, unanimously modified, on the law, to award respondent interest on the sum of $149,500 from July 1, 1992, and otherwise affirmed, without costs. Appeal from order, same court and Special Referee, entered May 24, 1999, which authorized the clerk to include respondent's share of the charge for obtaining transcripts as an element of costs and disbursements in the aforecited judgment, unanimously

dismissed, without costs, as subsumed in the appeal from the judgment.

The fee awarded by the Referee after a hearing and due consideration of the various factors relevant to fixing a reasonable fee (*see, Morgan & Finnegan v Howe Chem. Co.*, 210 AD2d 62) was in all respects proper under the circumstances of this case. However, the judgment should be modified to award respondent interest on $149,500 from July 1, 1992, the date upon which respondent's entitlement to the minimum acceptable settlement fee negotiated by the parties was shown by respondent to have arisen. Respondent established his entitlement to the minimum acceptable settlement fee negotiated by the parties, even in the absence of a bona fide settlement offer, by demonstrating that petitioner thwarted respondent's efforts to obtain a settlement in accordance with the retainer agreement (*see, Patterson v Meyerhofer*, 204 NY 96).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.

■ Evelyn Dickert, Respondent-Appellant, v City of New York et al., Defendants, and Sentry Contracting, Inc., Appellant-Respondent and Third-Party Plaintiff-Respondent. York Scaffold Equipment Corporation, Third-Party Defendant-Appellant-Respondent. [701 NYS2d 416] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 17, 1999, which denied the motion by defendant Sentry Contracting, Inc. for summary judgment dismissing the complaint and all cross claims and counterclaims asserted against it, denied the motion by third-party defendant York Scaffold Equipment Corporation for summary judgment dismissing all claims, counterclaims and cross claims against it, and denied plaintiff's cross motion for summary judgment on the question of Sentry's liability, unanimously affirmed, without costs.

Plaintiff was injured when she fell in a sidewalk shed erected by third-party defendant York to protect pedestrians passing adjacent to construction in connection with which defendant Sentry had been retained as general contractor. Contrary to Sentry's argument, it may be liable to plaintiff even though it is not in contractual privity with her. It cannot, however, be determined on the present record whether such duty as Sentry and York owed pedestrians using the sidewalk shed was breached in plaintiff's case. There are issues of fact as to whether Sentry and York were negligent in constructing and maintaining the sidewalk shed and as to whether, if they were