■ In the Matter of DataSafe, Inc., et al., Appellants, v American Express et al., Respondents. [769 NYS2d 30]—

Order and judgment (one paper), Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 10, 2003, as corrected by an order, same court and Justice, entered July 9, 2003, which, to the extent appealed from, granted, in part, respondents' motion to quash and for a protective order, and denied, in part, petitioner's motion to compel discovery from respondents, nonparties to the underlying Massachusetts action, regarding certain documents and depositions of respondents that were the subject of subpoenas dated July 26, 2002, unanimously affirmed, with costs.

Petitioner DataSafe has sought documents from respondent American Express relating to every aspect of respondent's development of a "suite" of Internet privacy products, including all documents related to a certain survey conducted by American Express respecting the market for such products, as well as any contacts or discussions respondent may have had with any other entity regarding these types of products. The salient issues in the underlying Massachusetts lawsuit, in which no wrongdoing is alleged against American Express, however, concern the motives of FedEx, the defendant in that suit, in discontinuing its relationship with DataSafe. American Express's internal development of its own line of privacy products, and the specific results of its market survey respecting such products, are not discernibly relevant to those issues. What is relevant is what FedEx was told about the American Express survey, not whether the survey actually supported such asser-

tions. Petitioner's arguments to the contrary are unpersuasive. Accordingly, particularly in view of the broad discretion vested in Supreme Court to supervise discovery (*see Daniels v City of New York*, 291 AD2d 260 [2002]), we perceive no basis to disturb the appealed determination. Concur—Nardelli, J.P., Tom, Mazzarelli and Ellerin, JJ.