■ CLAIRE PICKENS, Respondent, v FRANKLYN CASTRO, Appellant. [867 NYS2d 47]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered on or about March 7, 2007, which, to the extent appealed from as limited by the briefs, denied defendant's motion to modify the prior order, entered November 29, 2006, which granted his application for the appointment of a receiver to sell the subject property and granted plaintiff's cross motion for attorney's fees and costs, unanimously affirmed, without costs. Appeal from the November 29, 2006 order unanimously dismissed, without costs.

Defendant accepted the terms of plaintiff's proposed order for the appointment of a receiver which specified that the receiver was, among other things, authorized to obtain a mortgage or home equity loan, to be consolidated with the already existing loan, in order to sell the marital residence on the open market for the highest possible price. Thus, the motion court did not err in directing the receiver to further encumber the property in order to comply with the parties' intent.

Further, the court properly awarded counsel fees and costs to plaintiff in the sum of $3,153.27 for the filing of a frivolous motion, based upon plaintiff's cross motion specifically asking for counsel fees and expenses incurred in opposing defendant's frivolous motion and the accompanying affirmation from her lawyer seeking an award of sanctions. The court found that the frivolous conduct undertaken by defendant was the filing of a motion that was " 'undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another' (22 NYCRR 130-1.1 [c] [2])." Trial judges should be accorded wide latitude to determine the appropriate sanctions for dilatory and improper attorney conduct and we will defer to a trial court regarding sanctions determinations unless there is a clear abuse of discretion (see Sawh v Bridges, 120 AD2d 74, 78-79 [1986], lv dismissed 69 NY2d 852 [1987]). Here, we find that the motion court properly exercised its discretion. Concur—Tom, J.P., Saxe, Buckley, Gonzalez and Catterson, JJ.