■ RONALD C. STEWART, Appellant, v JOSEPH MAKHANI et al., Respondents, et al., Defendants. [46 NYS3d 556]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 16, 2015, which marked plaintiff's motion seeking, inter alia, to strike defendants' answer, withdrawn, denied the parties' application for an extension of time to complete discovery, marked the case off the calendar without prejudice, and permitted either party to restore the matter, upon completion of discovery, to the trial ready calendar by notice of motion application only, unanimously reversed, without costs, and the matter remanded for further proceedings not inconsistent with this order.

A court has broad discretion in supervising disclosure (*see Matter of DataSafe Inc. v American Express*, 2 AD3d 224, 225 [1st Dept 2003]). Nevertheless, the court had no basis for striking this case from the calendar as a sanction for the parties' failure to timely complete discovery. CPLR 3404 does not apply to pre-note of issue cases such as this case (*see Johnson v Minskoff & Sons*, 287 AD2d 233, 235 [1st Dept 2001]).

Dismissal of a pre-note of issue case may be predicated on CPLR 3216 and Uniform Rules for Trial Courts (22 NYCRR 202.27), neither of which is applicable to the facts of this case (*see Tejeda v Dyal*, 83 AD3d 539, 540 [1st Dept 2011], *lv dismissed* 17 NY3d 923 [2011]).

While delays in discovery are frustrating, a trial court has the responsibility "to fashion an order consistent with its obligation to bring discovery to an end as quickly as possible. Marking a case off or striking a case during the discovery phase does not further that obligation because it only encourages inaction by the parties and counsel in completing discovery. Ultimately, marking a case off during discovery leads to unnecessary motion practice, loss of valuable time for discovery, and a waste of judicial resources" (*Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198-199 [2d Dept 2001], *lv dismissed* 96 NY2d 937 [2001]; *see Johnson v Minskoff & Sons*, 287 AD2d at 235). Concur—Sweeny, J.P., Richter, Mazzarelli, Manzanet-Daniels and Feinman, JJ.