Rosenthal v Sperling (2023 NY Slip Op 05996)

Rosenthal v Sperling

2023 NY Slip Op 05996

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 22205/16E Appeal No. 1076-M-2345&M-2518 Case No. 2021-03149 

[*1]Alan B. Rosenthal et al., Plaintiffs-Respondents,
v
Danny S. Sperling, M.D., Also Known as Danny Sperling, M.D., etc., et al., Defendants-Appellants, Sperling Prostate Center et al., Defendants.

Mauro Lilling Naparty, LLP, Woodbury (Eric Z. Leiter of counsel), for appellants.
Shayne Dachs, New York (Jonathan A. Dachs of counsel), for respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered August 19, 2021, which, to the extent appealed from, denied defendants Danny S. Sperling, M.D., a/k/a Danny Sperling, M.D., a/k/a Dan S. Sperling, M.D., and Sperling Radiology, P.C.'s (collectively, defendants) motion for a mistrial as to liability and compensatory damages, and denied their motion to vacate an order, same court and Justice, entered December 9, 2019, and to sanction plaintiffs and their counsel, unanimously modified, on the law and the facts, to grant that branch of defendants' motion to vacate the order entered December 9, 2019, and otherwise affirmed, without costs.
The branch of defendants' motion to vacate the order entered December 9, 2019, should have been granted, in light of the parties' stipulation to do so (see generally Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]).
Defendants' arguments as to why a mistrial should have been declared as to the jury's liability and compensatory damages determinations are not properly before us. In their motion papers before Supreme Court, defendants expressly limited their motion to events and issues that arose after the first phase of the trial had concluded; yet defendants' brief on appeal focus on matters that either arose during the trial or have been addressed in motion practice that also is not at issue on this appeal. Whether, and to what extent, defendants may raise the issues that they raise on this point in this appeal in connection with appeals from other orders entered in this action, or from a final judgment, as they may be so advised, are not issues that we need to address, as this appeal is not the appropriate vehicle to do so.
Supreme Court did not improvidently exercise its discretion in declining to sanction plaintiffs or their counsel for frivolous conduct (see generally Rules of Chief Admr of Cts [22 NYCRR] § 130-1.1; Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]).
We have considered defendants' remaining arguments and find them unavailing. Alan B. Rosenthal v Danny S. Sperling, M.D. M-2345 - Motion to dismiss appeal for failure to assemble a proper appendix, denied. M-2518 - Cross-motion to strike plaintiffs' appendix and brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023