Joseph v Morsali (2024 NY Slip Op 05024)

Joseph v Morsali

2024 NY Slip Op 05024

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kapnick, Higgitt, Michael, JJ. 

Index No. 365092/23 365092/23 Appeal No. 2783 Case No. 2023-05101 

[*1]Bedouin Joseph, Plaintiff-Appellant,
v
Damineh Morsali, Defendant-Respondent.

The Law Firm of Joel R. Brandes, P.C., New York (Joel R. Brandes of counsel), for appellant.
Fersch LLC, New York (Meryl A. Hoeft of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered September 21, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiff father's motion to modify the parties' custody agreement and directed him to pay to defendant mother $20,000 as sanctions for frivolous conduct, unanimously affirmed, without costs.
Supreme Court made ample inquiry into plaintiff's allegations and correctly determined that no hearing was required on the motion (see e.g. Matter of Antonio Dwayne G. v Ericka Monte E., 96 AD3d 697 [1st Dept 2012]). Plaintiff's primary argument, that defendant made false allegations against him in Family Court, was contradicted by the April 19, 2023 Family Court order finding that plaintiff committed harassment in the second degree, which this Court affirmed on appeal (see Damineh M. v Bedouin L. J., 225 AD3d 522 [1st Dept 2024]). Nor did defendant otherwise interfere with plaintiff's agreed-upon parenting time, which he generally exercised. Any need to suspend access due to extenuating circumstances, such as during the COVID-19 pandemic or while defendant was being treated for cancer, did not present a change of circumstances warranting a hearing on the issue of modification of custody as in the children's best interests.
The court also providently determined that plaintiff's application was frivolous and made with the intention of harassing defendant. Accordingly, the court acted well within its discretion to award sanctions in the form of counsel fees, which were supported by the record and reasonable under the circumstances (see Pickens v Castro, 55 AD3d 443 [1st Dept 2008]).
We have considered the father's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024