Slabakis v Poyiadjis (2025 NY Slip Op 03779)

Slabakis v Poyiadjis

2025 NY Slip Op 03779

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 655855/18|Appeal No. 4616-4617-4618|Case No. 2024-05204, 2024-06458, 2024-07114|

[*1]Angelo Slabakis, Plaintiff-Appellant,
v
Roys Poyiadjis et al., Defendants-Respondents.

Law Offices of Mario Biaggi, Jr., New York (Mario Biaggi, Jr. of counsel), for appellant.
Archer & Greiner, P.C., New York (Andrew F. Bain of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 18, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion to strike the note of issue and for sanctions against plaintiff in the form of attorneys' fees and costs, and marked the case as "disposed," unanimously affirmed, with costs. Order, same court and Justice, entered November 12, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' application for attorneys' fees in the amount of $24,045.00, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 8, 2024, which denied plaintiff's motion to reargue his motion to extend the deadline for filing the note of issue, unanimously dismissed, without costs, as taken from a nonappealable order.
Instead of filing a notice of appeal from a June 2024 order, which denied plaintiff's motion to extend the deadline for filing the note of issue and removed the case from the trial calendar, plaintiff moved to reargue, which was denied by the August 2024 order under appeal. It is well settled that the denial of a motion to reargue is not appealable (D'Alessandro v Carro, 123 AD3d 1, 7 [1st Dept 2014]).
Plaintiff attempts to avoid his failure to appeal the June 5, 2024 order by arguing, in reply, that both the June 2024 and August 2024 orders are reviewable under CPLR 5501(a)(1), because, under that provision, "any non-final judgment or order which necessarily affects the final judgment" is reviewable upon an appeal from the final judgment. However, a final judgment has not been entered in this case. Moreover, plaintiff has failed to demonstrate that the June and August orders would "necessarily affect" the final judgment (see CPLR 5501[a][1]). Even assuming the June 2024 order was reviewable, the court providently acted within its "broad discretion" in issuing its discovery orders (Matter of DataSafe, Inc. v American Express, 2 AD3d 224, 225 [1st Dept 2003]).
The court providently granted defendants' motion to strike the note of issue and for sanctions against plaintiff in the form of attorneys' fees and costs. In the June 2024 order, the court explicitly stated that the filing deadline for the note of issue would not be extended, and that "[a]bsent a timely Note of Issue, no action will be put on the court's trial calendar." Plaintiff filed a note of issue anyway, in contravention of the June 2024 and August 2024 orders. The court was therefore well within its broad discretion in striking the note of issue and sanctioning plaintiff for frivolous conduct (see Rules of Chief Admr of Cts [22 NYCRR] § 130-1.1[a]; [c]).
Plaintiff's arguments that he was prevented from filing the note of issue within the relevant deadlines on account of defendants' actions are not persuasive. Plaintiff had more than five years to complete discovery in this straightforward breach of contract action yet was unable to do so. Plaintiff had also been [*2]warned repeatedly that extensions to the note of issue filing deadline would not be granted for any reason.
The court also providently exercised its discretion in awarding defendants attorneys' fees in the amount of $24,045.00 in connection with their motion to strike (see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). The reimbursement of the fees expended in filing their motion was a direct result of plaintiff's failure to abide by two court orders. The court properly analyzed the affirmations from counsel and the billing statements and found the majority of them to be reasonable (see Morgan & Finnegan v Howe Chem. Co., 210 AD2d 62, 63 [1st Dept 1994]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025