Solomon v 360 E. 72d St. Owners Inc. (2025 NY Slip Op 06795)

Solomon v 360 E. 72d St. Owners Inc.

2025 NY Slip Op 06795

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 652944/24|Appeal No. 5288-5289-5290|Case No. 2024-05568 2025-00557 2025-00654|

[*1]Dorothy Solomon, et al., Plaintiffs-Appellants,
v
360 East 72d Street Owners Inc., et al., Defendants-Respondents. 

Joseph R. Sahid, New York, for appellants.
Boyd Richards Parker & Colonnelli, P.L., New York (Emil A. Samman Jr. of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about August 23, 2024, which granted defendants' motion to dismiss the complaint and directed entry of a judgment in favor of defendants and against plaintiffs for the costs and disbursements of the action, unanimously affirmed, without costs. Order, same court and Justice, entered January 22, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for attorneys' fees, costs, and disbursements pending a hearing and denied plaintiffs' cross-motion for a stay of the action pending appeal, unanimously affirmed, without costs. Order, same court and Justice, entered January 29, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for recusal, declared that defendants were entitled to their attorneys' fees in opposing the motion, and barred plaintiffs from filing additional motions without seeking leave of the court, unanimously affirmed, without costs.
Supreme Court properly dismissed the action under the doctrine of collateral estoppel (CPLR 3211[a][4]). The complaint in the Supreme Court action interposes causes of action that were dismissed with prejudice in a pending Civil Court action against the same parties and based on the same transactions, and also includes parties who were dismissed from the Civil Court action. Although plaintiffs were not entirely successful in pursuing their claims against all the defendants in the Civil Court action, they had a full and fair opportunity to litigate the claims against all defendants. Furthermore, the complaint in the Supreme Court action essentially reiterates the dismissed claims, merely adding conclusory allegations regarding conduct by two of the defendants. The record therefore makes clear that plaintiffs have attempted an impermissible end run around a Civil Court order by filing the duplicative Supreme Court action and trying to engage in claim splitting (see Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; cf. Melcher v Greenberg Traurig LLP, 135 AD3d 547, 552-553 [1st Dept 2016]).
Plaintiffs' improperly filed the Supreme Court action notwithstanding their claim that the amount of their damages increased and defendants' misconduct continued after the Civil Court complaint was filed. Plaintiffs could have addressed these issues by seeking a transfer of the Civil Court action to Supreme Court.
For the reasons stated above, plaintiffs' conduct in reasserting the Civil Court claims against the same parties lacked a reasonable basis and was frivolous. Supreme Court therefore providently exercised its discretion in imposing sanctions consisting of defendants' reasonable attorneys' fees, costs, and disbursements in connection with their motion to dismiss the Supreme Court action (22 NYCRR 130-1.1[a]; see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]).
As plaintiff's counsel concedes, the record does not provide any basis for concluding that the court was biased against plaintiffs. Thus, the court's recusal and reassignment of the case to a different Justice is not warranted (see R & R Capital LLC v Merritt, 56 AD3d 370, 370 [1st Dept 2008]). Furthermore, Supreme Court properly exercised its discretion in awarding attorneys' fees, costs, and disbursements arising from the opposition to plaintiff's motion for recusal.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025