**Starwood Prop. Mtge. Sub-2, L.L.C. v Stalcup**

2026 NY Slip Op 30869(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 653317/2025

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

----------------------------------------------------------------------X

STARWOOD PROPERTY MORTGAGE SUB-2, L.L.C.

                     Plaintiff,

           - v -

ALAN STALCUP,

                 Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653317/2025 |
| **MOTION DATE** | 05/30/2025 |
| **MOTION SEQ. NO.** | 001 |

**SUPPLEMENTAL DECISION
+ ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**

      The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 2, 18, 19, 22–41, 43–48, 49–52, 54, 55 were read on this motion to/for <u>ATTORNEYS' FEES</u>.

### Relevant Factual and Procedural History

      By Decision and Order dated January 5, 2026, the Court (i) granted Plaintiff's motion for summary judgment in lieu of complaint; (ii) ordered a judgment against Defendant in favor of Plaintiff in the principal sum of $7,856,016.55 with interest at the contractual rate; and (iii) ordered that Plaintiff is entitled to recover reasonable attorneys' fees, costs, and disbursements as provided in the loan documents.  NYSCEF Doc. No. 41.

      Plaintiff timely submitted papers on January 12, 2026, *via* the Affirmation of Elinor H. Murarova ("Murarova Aff."), an attorney at Duane Morris LLP, which summarizes the services her firm rendered in connection with the enforcement of the Mezzanine Recourse Guaranty ("Guaranty") and Loan Agreement.  NYSCEF Doc. No. 44.  Plaintiff seeks to recover attorneys' fees and costs in the total amount of $103,238.69 (consisting of $102,119.00 in attorneys' fees and $1,119.69 in costs).  *Id.*  Plaintiff attached the following exhibits to the Murarova Aff.: (i) Exhibit A, combined invoices regarding enforcement of the Guaranty showing a total sum of fees in the amount of $103,238.69 (NYSCEF Doc. No. 45) and (ii) Exhibit B, combined attorney biographies of attorneys who worked on this case.  NYSCEF Doc. No. 46.

      Defendant filed a letter in opposition arguing that Plaintiff is not entitled to the full amount of fees sought under the Guaranty and Loan Agreement.  NYSCEF Doc. No. 48.  Specifically, Defendant asserts that (i) Plaintiff charged unreasonable non-attorney billing rates; (ii) Plaintiff's submissions contained excessive redactions; (iii) Plaintiff's submissions contain pervasive block billing; and (iv) Plaintiff's submissions are impermissibly vague.  *Id.*  Accordingly, Defendant

653317/2025   STARWOOD PROPERTY MORTGAGE SUB-2, L.L.C. vs. STALCUP, ALAN
Motion No.  001

Page 1 of 4

1 of 4

[* 1]

requests a hearing on the reasonableness of Plaintiffs' attorneys' fees and to reduce said fees by 40%. *Id*.

Plaintiff requested leave to file a reply to Defendant's opposition (NYSCEF Doc. No. 52), which the Court granted. NYSCEF Doc. No. 53. In the Reply, Plaintiff argues that (i) non-attorney billing rates are not capped at $200 per hour; (ii) Plaintiff's redactions and narratives do not warrant a reduction of fees; (iii) Plaintiff did not engage in block billing nor would same warrant a reduction of fees; (iv) Plaintiff's invoice records are not vague; and (v) there are no grounds for an across-the-board reduction of fees. *Id*.

## Legal Analysis

Attorneys' fees are merely an incident of litigation and thus are not recoverable absent a specific contractual provision or statutory authority. *Hooper Associates, Ltd. v. AGS Computers, Inc.,* 74 N.Y.2d 487, 491 (1989). The reasonableness of legal fees "can be determined only after consideration of the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charges for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved." *Morgan & Finnegan v. Howe Chem. Co., Inc.*, 210 A.D.2d 62, 63 (1st Dept. 1994) (internal citations omitted). An award of reasonable attorneys' fees is within the sound discretion of the court. *JK Two LLC v. Garber*, 171 A.D.3d 496, 496–97 (1st Dept. 2019).

Notably, Section 1.7 of the Guaranty provides, "in the event that Guarantor [Defendant] should breach… this Guaranty, Guarantor shall…pay Lender [Plaintiff] all out of pocket costs and expenses (including court costs and reasonable attorneys' fees) actually incurred by Lender in the enforcement hereof or the preservation of Lender's rights hereunder." Guaranty at § 1.7. It is undisputed that Plaintiff is entitled to attorneys' fees. Rather, Defendant challenges the reasonableness of such fees. Upon review of the foregoing submissions, and in light of the standards set forth herein, the Court finds that the amounts sought are not entirely reasonable.

With respect to non-attorney billing rates, Defendant argues non-attorney billing rates are generally limited to $200 per hour (*1979 Fam. Tr. Licensor, LLC v. Darji*, 2020 WL 9596279, 19-CV-4389 (VEC), at *1 (S.D.N.Y. Sept. 30, 2020)), and that Plaintiff fails to provide details as to the non-attorneys' experience or credentials. Plaintiff rebuts that Defendant's cited cases do not reflect the prevailing market rate for comparable non-attorney services and that above-market non-attorney rates are justified when "work in [the] case was unusually complex." *Themis Capital v. Democratic Republic of Congo*, 2014 WL 4379100, 09-CV-1652 (PAE), at *8 (S.D.N.Y. Sept. 4, 2014). The Court declines to adopt a bright-line rule limiting non-attorney billing rates to $200 per hour as doing so would ignore non-attorney specialization, experience, and complexity of services rendered. However, the Court agrees with Defendant that Plaintiff has failed to provide sufficient information to substantiate non-attorney billing rates with non-attorneys' experience and credentials. Accordingly, the Court finds a reduction in the amount requested in attorneys' fees is both reasonable and appropriate.

Defendant further contends that Plaintiff's invoices are improperly redacted and vague so as to prevent the Court from making an assessment as to the reasonableness of fees. Where a party

[* 2]

submits heavily redacted billing records in a fee application, courts may reduce fees. *Taradek LLC v. Shenzhen Hollyland Tech Co. Ltd.*, 2025 WL 3227344, 20-CV-9170 (ER), at \*6 (S.D.N.Y. Nov. 19, 2025). Here, Plaintiff has provided the Court with unredacted invoices, and the Court determines that said redactions were properly applied based on privilege and/or relevance to this guaranty action as opposed to the parallel foreclosure action. *See* NYSCEF Doc. No. 54 (Pl. Reply) at 3. Therefore, the Court declines to reduce attorneys' fees on this basis.

Regarding Defendant's assertion that Plaintiff's invoices improperly contain block billing, "[t]he Court may apply a reduction for the practice of 'block billing,' or 'the aggregation of multiple tasks into a single billing entry,' which makes it difficult for the Court to isolate areas of excess.'" *Penzo v. Consol. Edison Co. of New York, Inc.*, 2024 WL 3966694, 19-CV-07478-MKV, at \*6 (S.D.N.Y. Aug 28, 2024) (quoting *Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp 3d 363 (S.D.N.Y. Aug. 28, 2024)). Plaintiff argues that there is "no per se rule against block billing." *Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL 3104631, 16-Cv-5766, at \*8 (S.D.N.Y. May 24, 2018). The Court agrees with Defendant that certain entries reflect block billing as said entries aggregate multiple tasks into single billing entries the Court is unable to specifically identify the amount of time spent on each task. For instance:

- On September 4, 2024, M. Patterson billed 2.80 hours to "Review senior loan documents and mezzanine loan documents; begin drafts of notices of default and reservation of rights to be sent to 1825 Parker Rd LLC, 1825 Parker Rd Mez LLC, and Alan Stalcup, Guarantor [*redacted*]; revise same; further review and analysis [*redacted*]." NYSCEF Doc. No. 45 at 2.

- On October 24, 2024, M. Patterson billed 1.70 hours to "Revise notice of additional events of default, notice of recourse liabilities and springing recourse events, and demand for payment under carry and recourse guaranties of the senior loan [*redacted*] prepare clean/revised and redlined versions and [*redacted*]." NYSCEF Doc. No. 45 at 10.

- On May 2, 2025, A. Huskins billed 1.30 hours to "Locate and send prior materialmen's lien cancellations to co counsel for inclusion in new demand to guarantor on Mezzanine loan and also sent to co counsel prior demand letter for mezzanine loan and work with co counsel on acceleration letters and send additional prior letters to co counsel on new potential claim against guarantor." NYSCEF Doc. No. 45, at 36.

- On August 29, 2025, M. Bauer billed 1.70 hours to "Draft stipulation to extend return/reply date: emails with E. Murarova re: [*redacted*]; finalize stipulations and email same to Stalcup counsel; draft letter to Judge Patel re: request for adjournment; file request for adjournment letter." NYSCEF Doc. No. 45 at 63.

Therefore, the Court declines to award Plaintiff the full amount requested and exercises its discretion to reduce the amount of attorneys' fees ($102,119.00) by 5% to account for the following: block billing and insufficient details of non-attorney credentials. As such, the Court awards Plaintiff attorneys' fees in the amount of $97,013.05 and costs in the amount of $1,119.69.

653317/2025 STARWOOD PROPERTY MORTGAGE SUB-2, L.L.C. vs. STALCUP, ALAN        Page 3 of 4
Motion No. 001

3 of 4

[* 4]

Accordingly, it is hereby

**ORDERED** that Plaintiff's application for an award of attorneys' fees, costs, and expenses (Motion 001) is GRANTED in part in the total amount of ninety-eight thousand one hundred thirty-two and seventy-four cents ($98,132.74) (comprised of $97,013.05 in attorneys' fees and $1,119.69 in costs); and it is further

**ORDERED** that the Clerk of Court is directed to enter a supplemental judgment in favor of the Plaintiff, Starwood Property Mortgage Sub-2, L.L.C., and against Defendant, Alan Stalcup, in the sum of $98,132.74 for reasonable attorneys' fees, costs, and expenses.

The foregoing constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| **03/09/2026** | | |
| **DATE** | | **ANAR R. PATEL, A.J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653317/2025   STARWOOD PROPERTY MORTGAGE SUB-2, L.L.C. vs. STALCUP, ALAN          Page 4 of 4
Motion No.  001

4 of 4